**Lee HARDMAN, Appellant,**

v.

**The BOARD OF EDUCATION of the DOLLARWAY, ARKANSAS SCHOOL DISTRICT, A Public Body Corporate; and James Mathews, Superintendent of Schools of the Dollarway, Arkansas School District; Vicki Brown, Elijah Coleman, Robert Morehead, Delma Cotner and Gaylon Presley as Members of the Board of Education in their Official Capacities, Appellees.**

**Lee HARDMAN, Appellee,**

v.

**The BOARD OF EDUCATION of the DOLLARWAY, ARKANSAS SCHOOL DISTRICT, a Public Body Corporate; and James Mathews, Superintendent of Schools of the Dollarway, Arkansas School District; Vicki Brown; Elijah Coleman; Robert Morehead, Delma Cotner and Gaylon Presley as Members of the Board of Education in their official capacities, Appellants.**

**Nos. 82–2167, 82–2190.**

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1983.

Decided Aug. 17, 1983.

Rehearing Denied Sept. 28, 1983.

---

4. In this case the correct group for the statistical analysis would be women 21 years of age or older, because only women within this age group are eligible for jury service. Mo.Rev. Stat. § 494.010 (1978).

Darrell F. Brown, Little Rock, Ark., for appellant/cross-appellee.

Robert V. Light, Little Rock, Ark., for appellees/cross-appellants.

Before BRIGHT, JOHN R. GIBSON, Circuit Judges, and HANSON, Senior District Judge.*

PER CURIAM.

Lee Hardman appeals and the Board of Education of Dollarway, Arkansas cross-appeals from the court's judgment [1] awarding Hardman attorneys' fees under the Civil Rights Attorneys Fees Act of 1976, 42 U.S.C. § 1988. Both parties contend that the district court erred in refusing to grant a hearing on the attorneys' fees award. Moreover, Hardman contends the court abused its discretion and awarded too low a fee.

I. *Background*

From 1975 to 1982, the Board employed Hardman, a black, as an assistant football coach in the local high school. In 1982, the position of head football coach became available. Hardman applied for the position, but the Board voted to hire a white applicant instead. Hardman then brought suit pursuant to Title VII against the Board. Hardman contended that the Board had unlawfully discriminated against him in rejecting his application to be the school's new head football coach and sought injunctive relief. Hardman's suit presented similar issues, the same attorneys for the plaintiff and the same defendants as *Cross v.*

---

* WILLIAM C. HANSON, United States Senior District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable HENRY WOODS, United States District Judge for the Eastern District of Arkansas.

*Board of Education,* 395 F.Supp. 531 (E.D. Ark.1975).

With the agreement of the parties, the district court tried this case on its merits six days after Hardman filed his suit. Testimony in the case began at 9:30 a.m. and concluded the same day at 3:00 p.m. After taking a thirty-minute recess, the district court delivered its findings of fact and conclusions of law from the bench, directing the Board to employ Hardman immediately as football coach. Moreover, the court awarded Hardman costs and attorneys' fees. The court entered its judgment on July 26, 1982.

Hardman's attorneys, John Walker and Ralph Washington, submitted affidavits requesting fees of $13,475 and $2,320 respectively. The Board filed a response asserting that the requests, which totalled $15,-795, were "clearly exhorbitant." The Board also requested a hearing to present evidence on the issue of what constituted a "reasonable fee." On August 12, 1982, without having held a hearing on the issue, the district court awarded $3,675 to Walker and $870 to Washington.[2] Hardman requested the district court reconsider its order and hold a hearing on the attorneys' fee issue. The district court denied this request. Hardman filed this appeal, and the Board filed a cross-appeal. Both sides contend the district court erred in refusing to grant a hearing on the attorneys' fees issue.[3]

## II. *Discussion.*

The Supreme Court has recently admonished that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). The *Hensley* court also "reemphasize[d] that the district court has discretion in determining the amount of a fee award." *Id.* The court explained that "[t]his is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id.*

Our review of the record in this case persuades us that no useful purpose would have been served by holding a hearing on the issue of attorneys' fees. Judge Woods, formerly one of the leading trial lawyers in Arkansas, must be deemed well aware of the attorneys' fees customarily charged by attorneys' performing similar work in the community. His assessment of attorneys' fees is entitled to considerable deference by this court. We recognize that we have held that "[w]hen serious factual disputes surround an application for attorney's fees, a hearing is required." *Herrera v. Valentine,* 653 F.2d 1220, 1233 (8th Cir.1981). The case at bar, however, presents no serious factual disputes surrounding Hardman's request for attorneys' fees.

We also reject Hardman's contention that the district court abused its discretion in making its award. The district court correctly stated that this court has adopted the guidelines for determining attorneys' fees set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974). *See Allen v. Amalgamated Transit Union, Local 788,* 554 F.2d 876, 884 (8th Cir.) *cert. denied,* 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977). Although the district court did not specifically recite all twelve of the *Johnson* factors, it did discuss in sufficient detail those factors which it considered relevant to this litigation. The district court fulfilled its responsibility of "provid[ing] a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart, supra,* 103 S.Ct. at 1941.

## III. *Conclusion.*

We have reviewed the district court's determinations and find no abuse of discre-

---

**2.** In addition to attorneys' fees totalling $4,545, the court awarded reimbursement of costs in the amount of $556.

**3.** In their cross-appeal, defendants originally sought to contest the merits of the case as well as the attorneys' fee issue. Subsequently, the defendants abandoned all of their issues relating to the merits of the case.

tion. Accordingly, we affirm the district court's award of attorneys' fees.