Jean **BOBBITT**, Appellant,

v.

**PARAMOUNT CAP MANUFACTURING COMPANY, Appellee.**

No. 90–2249.

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1991.

Decided Aug. 19, 1991.

Michael Hoare, St. Louis, Mo., for appellant.

Thomas Bearden, St. Louis, Mo., for appellee.

Before McMILLIAN and WOLLMAN, Circuit Judges, and PECK,* Senior Circuit Judge.

McMILLIAN, Circuit Judge.

Jean Bobbitt appeals from a final order entered in the United States District Court for the Eastern District of Missouri holding that following the settlement of Bobbitt's claims against her employer Paramount Cap Manufacturing Co. (Paramount) for violations of Title VII of the Civil Rights Act, the Equal Pay Act, and the Missouri Human Rights Act, Bobbitt's counsel was not entitled to attorneys' fees for services rendered before and during a proceeding before the Missouri Division of Employment Security (MoDES). *Bobbitt v. Paramount Cap Manufacturing Co.*, No. 89–0005C(3), slip op. at 3 (E.D.Mo. June 15, 1990). The district court disallowed fees for legal services rendered before and during the MoDES proceeding because these services were not of the type ordinarily necessary to get the lawsuit to the stage it was at prior to the parties' amicable resolution of the case. *Id.* For reversal, Bobbitt argues that the district court abused its discretion

in denying her attorney compensation for services rendered before and during the MoDES proceedings because the issue of constructive discharge presented before the MoDES was also an issue in her civil rights claims. For the reasons discussed below, we reverse the decision of the district court and remand with directions to award counsel an additional $7201.00 in attorneys' fees.

I.

Paramount operates a hat manufacturing plant where Bobbitt was employed as production supervisor of the first shift. After Bobbitt was discharged from the first shift and offered employment on either the second or third shift, Bobbitt left her job and initiated proceedings before the MoDES to claim unemployment benefits. On October 26, 1987, the Appeals Tribunal of the MoDES determined that Bobbitt had voluntarily left her job for good cause due to her employer's misconduct, or that she had been constructively discharged. Bobbitt also filed a complaint on January 3, 1989, in the United States District Court for the Eastern District of Missouri claiming violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Missouri Human Rights Act, Mo.Rev.Stat. § 213.010 *et seq.* (1986), alleging that she had been constructively discharged when removed from the first shift to the second or third shift because of her sex, and the Equal Pay Act, 29 U.S.C. §§ 206(d), 216, alleging that she had been paid lower wages because of her sex.

On January 17, 1990, Bobbitt accepted a Fed.R.Civ.P. 68 offer of judgment made by Paramount for $15,000, plus costs and attorneys' fees accrued through the date of the offer. Bobbitt's attorneys submitted an affidavit to Paramount claiming fees in the amount of $29,282.50. On January 18, 1990, Paramount filed an objection to Bobbitt's claim for attorneys' fees without stating reasons for the objection. On February 6, 1990, the district court entered an

* The Honorable John W. Peck, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

**514**

order granting judgment to Bobbitt in the amount of $15,000 and requiring Paramount to identify the reasons for its objections to Bobbitt's claim for attorneys' fees. On February 20, 1990, Paramount filed an objection to the $7201.00 of the claim for attorneys' fees which had accrued prior to October 26, 1987, the date on which the proceeding before the MoDES ended, stating that these services were for pre-suit activities and not compensable. On June 15, 1990, the district court issued a final order denying Bobbitt's counsel $7201.00 in fees. This appeal followed.

## II.

Bobbitt argues that the district court erred in denying compensation to her counsel for work performed before and during the MoDES proceedings. Bobbitt contends that the services performed before October 26, 1987, were not all attributable to the MoDES proceedings and the work that was attributable to the administrative proceedings was useful and necessary to the successful outcome of her civil rights actions. We agree, and accordingly reverse the decision of the district court.

Under 42 U.S.C. § 2000e–5(k),[1] the prevailing party in a Title VII action is entitled to a reasonable attorney's fee. *Allen v. Amalgamated Transit Union Local 788*, 554 F.2d 876, 884 n. 11 (8th Cir.), *cert. denied*, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977). While the district court has wide discretion in awarding attorney's fees under § 2000e–5(k), its decision will be reversed upon a showing of abuse of discretion or an error in its application of the governing legal standards. *Moore v. City of Des Moines*, 766 F.2d 343, 346 (8th Cir.1985), *cert. denied*, 474 U.S. 1060, 106 S.Ct. 805, 88 L.Ed.2d 781 (1986).

An attorney's work done in connection with administrative proceedings is compensable under § 2000e–5(k) if the work product from the administrative proceedings was "both useful and of a type ordinarily necessary to advance the civil rights litigation to the stage it reached

before settlement." *See Webb v. Dyer County Board of Education*, 471 U.S. 234, 243, 105 S.Ct. 1923, 1928–29, 85 L.Ed.2d 233 (1985) (*Webb*) (denial of an attorney's fee award under 42 U.S.C. § 1988). "[T]his Circuit has said that fees may be recovered for 'research or investigation done in connection with' a related proceeding, to the extent it 'proved directly relevant to the successful prosecution of the later civil rights' action." *McDonald v. Armontrout*, 860 F.2d 1456, 1462 (8th Cir.1988) (*quoting Perkins v. Cross*, 728 F.2d 1099, 1100 (8th Cir.1984)). Also, this Circuit has allowed attorneys compensation for prior legal actions when the work involved was also needed for a successful outcome in a civil rights proceeding. *See McDonald v. Armontrout*, 860 F.2d at 1461–62 (allowing recovery of attorney's fees under 42 U.S.C. § 1988 for a habeas corpus action that involved the same research and fact-gathering as a civil rights action).

In the present case, the issue of constructive discharge was central to both the MoDES proceeding and Bobbitt's civil rights claims. An investigation of whether Bobbitt was constructively discharged in the civil rights context would have involved the same gathering of evidence that was performed by Bobbitt's attorneys to prepare for the MoDES proceeding. Because the attorneys' work in preparing for the MoDES proceeding was "useful and substituted for work at the judicial stage that would have been ordinarily necessary to a successful outcome" of Bobbitt's civil rights claims, the $7201.00 of attorneys' fees that accrued prior to and during the MoDES proceedings is compensable. *Webb*, 471 U.S. at 254, 105 S.Ct. at 1934 (internal quotations omitted) (Brennan, J., concurring in part, dissenting in part).

Accordingly, the judgment of the district court is reversed and the case is remanded with directions.

---

1. 42 U.S.C. 2000e–5(k) states in pertinent part: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs...."