**Brenda PARTON, Plaintiff,**

**v.**

**GTE NORTH, INC., a Wisconsin Corporation, Defendant.**

**No. 89–4352–CV–C–66BA.**

United States District Court, W.D. Missouri, C.D.

Sept. 9, 1991.

David A. Masters, Macon, Mo., Marjorie Bedrick Tarkow, Columbia, Mo., for plaintiff.

David B. Rogers, Law Offices of David B. Rogers, Columbia, Mo., for defendant.

## ORDER

KNOX, United States Magistrate Judge.

On April 8, 1991, the court entered an order and opinion indicating judgment and

nominal damages would be entered in favor of plaintiff on her Title VII claims for a sexually-hostile work environment. The court further indicated that judgment would be entered in favor of defendant on plaintiff's Title VII claim for discriminatory discharge. Plaintiff was then directed to submit her claim for attorney fees, pursuant to the provisions of 42 U.S.C. § 2000e–5(k).

Section 2000e–5(k) provides that the court, in its discretion, may allow the prevailing party reasonable attorney fees as part of the costs. Plaintiff has now submitted a request for fees totaling $92,-858.21. Said fee request is calculated based on the lodestar at $51,548.90, an enhancement based on risk of $25,774.45, and a base fee for time spent on the fee application of $4,157.30. Additionally, plaintiff has included law clerk expenses of $6,920.75 and other expenses of $4,456.81. Plaintiff asserts the hours expended, for the most part, were necessarily devoted to the case as a whole because of the overlapping legal theories and the common core of facts concerning both claims. Apparently, minimal adjustment has been made by plaintiff in the fee request even though plaintiff had limited success.

Defendant filed suggestions in opposition to the amount requested, and plaintiff replied thereto. Defendant opposes the number of hours and the rates claimed by plaintiff's attorneys for a variety of reasons. Plaintiff filed a supplemental memorandum on September 3, 1991, supporting a request for enhancement.

The Eighth Circuit adopted twelve factors to be considered when determining a reasonable fee award. *Hardman v. Board of Education*, 714 F.2d 823, 825 (8th Cir. 1983) (quoting *Johnson v. Georgia Highway Express*, 488 F.2d 714, 716–17 (5th Cir.1974)). Those factors are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is contingent or fixed, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

The court notes trial in this case lasted for three days for approximately six and one-half hours per day of trial, for a total in-court time of approximately 19.5 hours. In addition, trial conferences and delayed closing arguments lasted for approximately 3.5 hours.

The claims were relatively straight-forward and direct. Plaintiff asserted she was fired from her job because of gender and that she was subjected to a sexually-hostile work environment. Defendant countered that plaintiff was fired because of poor attendance and performance, and because she lied about a particular job. Defendant also asserted there was no sexually-hostile work environment. The evidence related to these issues.

▮ Plaintiff obtained very limited success on her claims,[1] thus, some reduction in the reasonable fee would be appropriate. Her attorneys did file a variety of affidavits supporting her claim for enhancement based on the risk involved in these types of cases. These affidavits do not persuade the court that enhancement is appropriate in this case based either on the theory that as a class these gender discrimination cases are high risk, or the theory

1. The court notes the "most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). A plaintiff who succeeds on only some of his claims is entitled to fees only for those claims on which he succeeded. If all of the work was intertwined, so that the plaintiff had to do the work on the losing claims in order to prevail on the winning claims, then the

plaintiff should be awarded fees for all hours worked. *McDonald v. Bowen*, 693 F.Supp. 1298, 1305 (D.Mass.1988). To the extent that work on the losing issues is distinct and separate from work on the winning issues, plaintiff cannot be awarded fees for the separate work on the losing issues. *Zook v. Brown*, 865 F.2d 887, 896 (7th Cir.1989).

that victims of gender discrimination cannot get legal assistance unless a multiplier is allowed. *See Morris v. American Nat'l Can Corp.*, 941 F.2d 710 (8th Cir.1991). This court notes that plaintiffs in the Western District of Missouri have had substantial success in employment discrimination cases in the last five years and that competent, experienced attorneys are available to take such cases even without a guarantee of a multiplier.

Plaintiff's attorneys tried a relatively ordinary three-day nonjury trial and no unusual skills, insights, or preparation of trial exhibits were apparent. No unusual time restrictions or limitations have been brought to the court's attention, and no evidence has been produced indicating this case was undesirable for the typical law firm practicing in the area of employment discrimination or employment rights. No enhancement will be allowed, in part because this court is not persuaded that plaintiffs, in general, will have or have had substantial difficulty finding experienced lawyers to take these cases in Central Missouri. *See Morris v. American Nat'l Can Corp.* Also bearing on the issue of enhancement is the very limited success plaintiff obtained and this court's belief that the award in this case is most likely overly generous than stingy. Furthermore, enhancement, if any, for risk should be offset by reduction for limited success; thus, no specific adjustment will be made for either.

Additionally, the parties have not brought to the court's attention any complicated discovery matter or problem working with defense counsel which would have required additional time or research in preparation of this case.[2]

Plaintiff asserts that except for a small retainer, Tarkow agreed to represent plaintiff on a contingency-fee basis. The professional relationship between plaintiff and her primary attorney lasted for approximately two to three years, with the case being filed on August 18, 1989, trial beginning on September 26, 1990, and post-trial motions being fully submitted by June 13, 1991.

The hours claimed by plaintiff's counsel for a three-day, nonjury trial is completely out of line with all other law firms which practice in central Missouri. The claimed fees either involve substantial duplication of effort by attorneys or inefficient trial preparation practices. One party's attorney fees and costs for a five-day jury trial in this area rarely exceed $50,000.00, even when billed at a higher hourly rate.

After consideration of the above factors and a review of the record in this case, including the limited success, the court finds the reasonable hours necessary to prepare this case for administrative proceedings, trial and presentation at trial to be 140 hours for attorney Tarkow, 80 hours for trial attorney Masters, 40 hours for research and drafting for attorney Bunn, 20 hours for research and drafting for attorney Gutchen, and an additional 8 hours for preparation of the petition for attorney fees.

Reasonable fees for plaintiff's attorneys will be assessed at $80 per hour for Tarkow and Masters, and $65 per hour for Bunn and Gutchen. These fees are customary in central Missouri for attorneys with similar experience, reputation and ability for handling this type of case. Thus, awarded fees can be computed as follows:

| | | | |
|---|---|---|---|
| Tarkow | 140 hours at $80/hour | = | $11,200.00 |
| Masters | 80 hours at $80/hour | = | $ 6,400.00 |
| Bunn | 40 hours at $65/hour | = | $ 2,600.00 |
| Gutchen | 20 hours at $65/hour | = | $ 1,300.00 |

**2.** Plaintiff's request for attorney fees included an amount for time devoted to administrative proceedings. Such an amount is allowed pursuant to *Bobbitt v. Paramount Cap Mfg. Co.*, 942 F.2d 512 (8th Cir.1991).

| | | | | |
|---|---|---|---|---|
| Tarkow | 4 hours at $80/hour | = | $ 320.00 | (fee application) |
| Bunn | 4 hours at $65/hour | = | $ 260.00 | (fee application) |
| TOTAL ATTORNEY FEES | | = | $22,080.00 | |

Law clerk and other expenses were claimed by plaintiff to total $11,377.56. Certain of those costs should be submitted to the clerk of court in a bill of costs. Other expenses may be awarded as part of the attorney fees. After review, said expenses, excluding those for law clerk time, will be allowed in the amount of $1,442.63. Said expenses include copying charges, telephone expenses, postage and mileage of $131.10 (12/30/89), $265.10 (7/14/90), $386.48 (11/15/90), $12.79, $5.00 and $110.21 (4/30/91), $14.88 and $32.50 (5/8/91) for Tarkow, and mileage, telephone calls, and hotel bills of $484.57 for Masters. Law clerk hours of 138.5 at $20.00 per hour will also be permitted for a total of $2,770.00.

TOTAL EXPENSES = $4,212.63

Judgment will also be entered in accord with the court's order and opinion which was filed on April 8, 1991.

IT IS, THEREFORE, ORDERED that judgment be entered in favor of defendant on plaintiff's Title VII claim for discriminatory discharge. It is further

ORDERED that judgment be entered in favor of plaintiff on plaintiff's Title VII claim for a sexually-hostile work environment and plaintiff be awarded $1.00 in nominal damages. It is further

ORDERED that attorney fees and expenses be awarded to plaintiff, pursuant to 42 U.S.C. § 2000e–5(k), in the total amount of $26,292.63 for the reasons set forth above. It is further

ORDERED that costs be assessed against defendant.