# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1253

_____

John Tyler,                                                    *
                                                              *
        Appellant,                                    *
                                                              *
     v.                                                    *
                                                              *
Corner Construction Corporation, Inc.,    *    Appeal from the United States
d/b/a Howard Johnson-Plaza Suite            *    District Court for the
and Lodges and/or Ho-Jo's Lounge;           *    District of South Dakota.
and Charles A. Bernhoft, Dave Walton,    *
Pat Krsnakk, Timothy Eisenhauer,             *
and Orrin Gunderson,                               *
                                                              *
        Appellees.                                    *

_____

Submitted:  November 17, 1998

Filed:  February 10, 1999

_____

Before LOKEN, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

     John Tyler appeals from the district court's denial of his motion for attorney's
fees and costs pursuant to 42 U.S.C. § 1988(b), which provides that in a lawsuit under
42 U.S.C. § 1983, the district court, "in its discretion, may allow the prevailing party
... a reasonable attorney's fee as part of the costs."  The issue before us is whether the

court in this case properly determined that Mr. Tyler was not a prevailing party because his case was settled for its alleged nuisance value.

## I.

Mr. Tyler was a customer at defendant Corner Construction's hotel-lounge complex when five bouncers, also defendants, allegedly seized and arrested him without probable cause, used unreasonable force, and deprived him of his liberty without due process of law. He sued, claiming that the defendants had violated his constitutional and civil rights under color of law, because the bouncers were off-duty police officers who carried their police badges and weapons to work at the hotel lounge and who collaborated with the local police in carrying out the arrest. Mr. Tyler further claimed that the defendants engaged in a pattern of violating the civil rights of members of the public. He requested actual damages of $50,000 and punitive damages of $500,000 on the civil rights claims and on three additional state-law claims (false imprisonment, assault and battery, and negligence).

The defendants paint a very different picture of the events in question. They allege that Mr. Tyler had a long record of convictions for violence and drunkenness, that they had been forewarned that he might cause trouble on the night in question, that trouble did indeed ensue, and that his minor injury was sustained during his frantic resistance to a citizen's arrest by the bouncers. Despite the supposed weakness of Mr. Tyler's case, it survived two motions for summary judgment. Mr. Tyler rejected an offer to settle the suit for $4,500 that would have required him to waive attorney's fees and costs, but later accepted an offer of $17,500 that reserved the question of attorney's fees to the district court. The settlement agreement contained a statement that the defendants did not admit that Mr. Tyler had stated a claim cognizable under § 1983 and that they merely desired to settle the suit without the expense and uncertainty of trial.

Mr. Tyler then moved for an award of more than $64,000 in attorney's fees and costs pursuant to § 1988(b); the district court denied the motion. The prevailing plaintiff in a § 1983 action should ordinarily recover attorney's fees, the court recognized, but it held that Mr. Tyler was not a prevailing party. Applying the "catalyst" theory, the court held that Mr. Tyler did not prevail, because the pressure of his claim did not cause the defendants to pay him $17,500. Rather, the court found, "the settlement was effected by dint of nuisance and threat of expense." In these circumstances, the court concluded, an award of attorney's fees would be unjust and contrary to the spirit of § 1988(b).

We hold that the district court erred in employing the notion of a catalyst in deciding the issue of attorney's fees rather than applying the principles outlined in *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992), and thus wrongly concluded that Mr. Tyler was not a prevailing party. We further hold that if a defendant enters into a nuisance settlement, as we have defined it, a plaintiff is not entitled to an award of fees.

II.

In determining what fees, if any, to award to a plaintiff in a civil rights action, a district court must first decide whether the plaintiff is a "prevailing party," that is, whether he or she achieved through litigation some of the benefit originally sought in bringing suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). If the court answers this question in the affirmative, it should then determine what attorney's fees are reasonable under the circumstances. The proper amount of attorney's fees depends in part on the extent of the plaintiff's success, *id.* at 438-40; where the plaintiff obtains only "limited" relief, the court may award only limited fees. *Id.* at 440; *see also id.* at 438-39 n.14.

In *Farrar*, 506 U.S. at 111-12, the Supreme Court held that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal

relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  The relief may take the form of an enforceable judgment, a consent decree, or a settlement.  *Id*. at 111; *see also Maher v. Gagne*, 448 U.S. 122, 129 (1980).  The term "prevailing party" is generously defined, the Court said in *Farrar*, 506 U.S. at 109, and does not turn on the magnitude of the plaintiff's success, *id.* at 114:  The plaintiffs in *Farrar, id.* at 107, 113, who had sued for $17 million in compensatory damages from six defendants and were awarded only one dollar from one defendant, were nevertheless prevailing parties because the judgment forced that defendant to pay money that he would not otherwise have paid. Under *Farrar*, Mr. Tyler is thus a prevailing party in his suit against the defendants because he has obtained relief in the form of a settlement that gives him a legal claim against them for $17,500.

Different considerations are relevant in cases in which the plaintiff sought injunctive relief and the defendant voluntarily changed its behavior before trial, rendering the lawsuit moot.  In such a situation, "the plaintiff is a 'prevailing party' under section 1988 if his suit is a catalyst for the defendant's voluntary compliance and the defendant's compliance was not gratuitous, meaning that the plaintiff's suit was neither 'frivolous, unreasonable, [n]or groundless.' "  *Little Rock School District v. Pulaski County Special School District No. 1,* 17 F.3d 260, 262 (8th Cir. 1994), quoting *United Handicapped Federation v. Andre*, 622 F.2d 342, 347 (8th Cir. 1980); *see also A.J. by L.B. v. Kierst*, 56 F.3d 849, 865 (8th Cir.1995) ("when remedial action by a defendant moots the lawsuit before trial, a party is entitled to prevailing party status if his lawsuit was a catalyst that brought about or prompted the defendant's remedial action").

.       The district court found that Mr. Tyler's suit caused the settlement under which the defendants paid $17,500, but did not change the defendants' behavior toward him. Furthermore, the court noted, it was not the *merits* of the case (the possibility that Mr. Tyler would succeed in litigation) that caused the defendants to give in:  It was

the "nuisance and threat of expense" that motivated the settlement. The court thus concluded that since Mr. Tyler's suit was not the catalyst for the settlement, he could not be a prevailing party.

It is true that the language of some of our opinions, taken out of context, could be read to mean that the question of whether a plaintiff's suit was a catalyst to a settlement is relevant in determining whether that plaintiff has prevailed when a dispute is resolved by a settlement between the parties. For instance, in *Little Rock School District*, 17 F.3d at 263 n.2, we said that "[w]e decline to extend *Farrar*'s language beyond its context of determining prevailing party status after a *final determination on the merits of litigation*" (emphasis added). It is clear from our cases as a whole, however, that we apply the principles outlined in *Farrar* to determine prevailing-party status in cases that result in settlement. *Farrar*, 506 U.S. at 111, itself specifically states that the relief on the merits of a plaintiff's claim necessary to confer prevailing-party status may take the form of a consent decree or a settlement.

The catalyst theory, moreover, has always been advocated as an alternative to the *Farrar* approach in cases where the defendant voluntarily granted the requested relief, rendering the lawsuit moot; it extends prevailing-party status to some plaintiffs who have not obtained "an enforceable judgment ... or comparable relief through a consent decree or settlement," as *Farrar* requires, *id*. *See A.J.*, 56 F.3d at 865, and *Baumgartner v. Harrisburg Housing Authority*, 21 F.3d 541, 545 n.3 (3rd Cir.1994). We have discovered no cases since *Farrar* was decided in which we have not applied its principles to a case resulting in a negotiated settlement.

Because the district court applied the wrong principles we believe that it reached the wrong conclusion. Mr. Tyler was a prevailing party under *Farrar*, 506 U.S. at 111-12, because he obtained "actual relief on the merits of his claim" that "altere[d] the legal relationship between the parties" and "modif[ied] the defendant's

behavior in a way that directly benefits the plaintiff." We turn, then, to the question of whether the court's finding that this case was settled for its nuisance value provided a sufficient basis for denying attorney's fees even though Mr. Tyler was a prevailing party.

## III.

The features of a nuisance settlement, and the implications, if any, of nuisance settlements for prevailing-party status, are questions of first impression for us. Although several courts have asserted in passing that something called a nuisance settlement in a § 1988 action cannot give rise to an award of fees, *see*, *e.g.*, *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 792 (1989), and *Chicano Police Officer's Association v. Stover*, 624 F.2d 127, 131 (10th Cir., 1980), *see also Farrar*, 506 U.S. at 122 (O'Connor, J., concurring), we have never had the occasion to consider this question.

A defendant's decision on whether to accept a settlement offer always involves an economic calculation of some sort; that is, a rational defendant will ask whether the offer is less than the anticipated cost of defense, including the risk of a recovery by the plaintiff. Assuming that a proffered settlement does not include an admission of liability, a defendant will almost always accept the offer if it is less than the cost of defense. (There are exceptions: A grudge match is among them and a desire not to create a market in complaints will create another.) But a so-called nuisance settlement, we think, is not just one that is entered into after the usual economic calculation: It is one that is accepted despite the fact that the case against the defendant is frivolous or groundless, solely in an effort to avoid the expense of litigation. *See Fisher v. Kelly*, 105 F.3d 350, 353 (7th Cir. 1997), and *Ashley v. Atlantic Richfield Co.*, 794 F.2d 128, 134-35 n.9 (3d Cir. 1986).

While, as we have already said, Mr. Tyler is a prevailing party, and a prevailing party is ordinarily entitled to attorney's fees of some sort, it is nevertheless true that

there are "special circumstances" that can "render such an award unjust," *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968) (*per curiam*). We believe that a nuisance settlement, as we have defined it, represents just such a special circumstance. Suits that are frivolous or groundless are true nuisances; indeed, they are sometimes thinly disguised forms of extortion, the kinds of activities that courts ought, for obvious reasons, not to encourage.

In the present case, the district court concluded that the settlement into which the parties entered was a nuisance settlement, but it seems to us that in doing so the court improperly shifted the focus of inquiry by concentrating on the defendants' subjective motives for settling the case. *See Ashley*, 794 F.2d at 134-35 n.9. We think that it would be unjust to deny a plaintiff his or her attorney's fees simply because a defendant thought that the plaintiff's claim was completely lacking in merit. Defendants no doubt often think that this is the case when, in fact, it is not. What a court ought to do, we think, is to concentrate on the objective meritoriousness of a plaintiff's claim, and refuse to award fees if the claim is frivolous or groundless.

In this case, it is true, Mr. Tyler's case had already survived two motions for summary judgment, so the defendants had not identified a fatal legal or factual weakness in the case by the time it was settled. Since, however, they might be able to do so, and since the district court in considering the matter of fees did not make a specific finding on whether Mr. Tyler's suit is significantly lacking in merit as an objective matter, we remand the case for such a finding. If the court finds that the case was frivolous or groundless, then no attorney's fees should be awarded. On the other hand, if the court comes to the opposite conclusion, it must then apply the principles outlined in *Farrar* and other applicable precedents and award a reasonable attorney's fee to Mr. Tyler.

IV.

In view of the fact that Mr. Tyler was a prevailing party in this case, we remand the matter to the district court for a determination of whether he is entitled to attorney's fees and, if so, in what amount.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.