# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3733

_____

Fuezell Burks,       *

      *

      Appellant,       *     Appeal from the United States

      *     District Court for the Eastern

v.       *     District of Arkansas

      *

Siemens Energy & Automation, Inc.,       *

      *

      Appellee.       *

_____

Submitted:  April 13, 2000
Filed: June 29, 2000

_____

Before WOLLMAN, Chief Judge, BEAM, Circuit Judge, and FRANK,[1] District Judge.

FRANK, District Judge.

Fuezell Burks appeals from the district court's award of $8,029 in attorney fees to counsel for Burks.  We affirm.

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, sitting by designation.

# I.

Appellant Fuezell Burks has been an employee of Appellee Siemens Energy & Automation, Inc. ("Siemens") for over 20 years. Following a dispute regarding a leave for a back injury, Burks filed a lawsuit pro se alleging racial discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Arkansas Civil Right Act of 1991. The initial Complaint was filed on March 30, 1998. On September 15, 1998, Burks was permitted to amend his complaint to allege a violation of the Family and Medical Leave Act ("FMLA"). Moreover, Burks alleged that he was denied appropriate benefits under FMLA because of his race. On April 16, 1999, counsel for Burks withdrew all of his claims except for those related to the FMLA and racially discriminatory denial of FMLA benefits; all allegations of other racial discrimination were dropped.

The district court bifurcated the action, determining it appropriate to hold separate trials on the FMLA and race claims. On May 3, 1999, the district court entered judgment in favor of Burks with respect to his claim that Siemens violated the FMLA. The district court ordered appropriate injunctive relief,but specifically found that Burks was not entitled to the punitive damages he sought.

Following the district court's judgment on the FMLA claim, the parties entered into a settlement on the remaining race claim (that he was denied FMLA benefits because of his race). Under the terms of the settlement, Siemens agreed to pay Burks $1000. However, the settlement agreement specifically stated that both parties agreed "the Cash Consideration is a nuisance value consideration only, liability being expressly denied by Siemens Energy & Automation."

Burks' attorneys requested $32,091 in attorney fees.[2]  The trial judge awarded $8,029 in attorney fees on the grounds that Burks did not prevail on all claims and did not achieve a sufficient degree of success to justify full compensation.  Burks appeals the reduction in attorney fees.

In reaching his decision on attorney fees, the trial judge concluded that Burks succeeded on only a small portion of his original claims, specifically his FMLA claim.  Citing the vagueness of the billing records and his resulting inability to determine precisely how many hours were spent on the FMLA claim, the trial judge then reviewed the record and "concluded that 25% of the total time expended fairly represent[ed] the efforts on the claims where plaintiff could be considered the prevailing party."

Burks now appeals, alleging the following errors:  (1) the trial court erred in failing to characterize Burks as the prevailing party with respect to the settled discrimination claims; (2) the trial court erred in its application of the Supreme Court's test in Hensley v. Eckhart, 461 U.S. 424 (1983), because the trial court failed to consider whether the FMLA claim and the other claims were so closely related as to render a fee reduction inappropriate; and (3) the trial court erred in failing to consider either attorney fees awards in similar cases or the fees charged by the counsel for the Appellee in this case.  We review the trial court's decision for abuse of discretion.  See St. Louis Fire Fighters Ass'n v. St. Louis, Mo., 96 F.3d 323, 331 (8th Cir. 1996).

## II.

We consider first whether the trial court appropriately concluded that Burks only prevailed on his FMLA claim.  Specifically, Burks argues that the trial court improperly determined that Burks did not prevail on the FMLA-race discrimination claim which

---

[2]Burks also requested, and was granted, $839.20 in costs.

the parties settled. Siemens argues that the trial court did consider Burks the prevailing party with respect to this settled claim.

In determining an appropriate award of attorney fees, a trial court must undertake a two step analysis: (1) the court must determine on which claims the plaintiff prevailed; and (2) on the claims on which plaintiff prevailed, the court must determine what amount of attorney fees is appropriate, taking into consideration, *inter alia*, the extent of plaintiff's success on those claims. Hensley v. Eckerhart, 461 U.S. 424 (1983).

In attributing error, Burks references the following language:

> The Court recognizes that plaintiff actually prevailed on only a small part of the total relief he sought. The Court did find that defendant violated the FMLA but only as a result of a misinterpretation of the regulations and not because of any egregious conduct. The conduct resulted in no monetary damages to the plaintiff and equitable relief was all that was afforded. . . . The remaining claims of the plaintiff were settled for $1,000.00 but the Court had the clear impression that defendants were fully prepared to defend these claims and would probably have prevailed. The settlement apparently was motivated by the savings of defending a trial and not out of recognition of any liability.

Joint Appendix at 234-235. It not entirely clear from this language whether the trial court determined Burks was not the prevailing party on the settled claim (step one of the Hensley analysis) or whether the trial court, instead, determined that Burks enjoyed only a limited degree of success on this claim (step two of the Hensley analysis). See Farrar v. Hobby, 506 U.S. 103, 114 (1992) ("Although the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded [in that it affects the 'degree of success' inquiry] . . . .").

-4-

We agree with Siemens that the trial court did find Burks to have prevailed on the settled claim. The trial court specifically stated that it "recognize[d] that plaintiff actually prevailed on only a small part of *the total relief he sought*" (emphasis added). The trial court's discussion of the settlement related to whether Burks prevailed on the relief sought, not whether Burks prevailed on the claims. While the trial court's use of the word "prevailed" creates some confusion, a closer examination of the trial court's reasoning indicates that the discussion of the settlement was part of the second step of the <u>Hensley</u> analysis. Moreover, the trial court continued, throughout its order, to refer to the "claims" (plural) on which Burks prevailed, further suggesting that the trial judge's comments about the settlement were meant to reflect Burks' limited degree of success on the settled claim.

## III.

We next consider whether the trial court appropriately denied fees for billed hours devoted to the failed claims. Burks argues that the trial court erred by failing to consider whether the claims on which he did prevail and the claims on which he did not prevail were so interrelated as to preclude a reduction in the fees. <u>See</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 435 (1983) (where the plaintiff's various claims involve a common core of facts or related legal issues, such that much of the attorney's time is devoted generally to the litigation as a whole, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.").

The trial court here stated that it did consider the interrelatedness of the various claims involved in this litigation. It further considered the degree of success Burks achieved on the claims on which he did prevail. Specifically, the trial court noted that, with respect to the FMLA claim, the trial court found no intentional conduct which would allow Burks to recover punitive or other damages. Moreover, the trial court noted that the settlement, involving racial discrimination regarding denial of FMLA

benefits, was for nuisance value only.[3]   Based upon these considerations–the appropriate considerations under the circumstances–the trial court determined that a reasonable award of attorney fees, given the level of success achieved on the merits, was 25% of that which was requested.  After considering the relative interrelatedness of the various claims, the lack of specificity in the billing statements, and the degree of success achieved on the claims on which Burks prevailed, we conclude that the trial court did not abuse its discretion in reaching this decision.

## IV.

Finally, we consider whether the trial court erred by failing to consider the amount of fees awarded to plaintiff's attorneys in similar cases and the amount of fees charged by the defendant's attorneys in this case.  We disagree.

Burks cites Thorne v. Welk Investment, Inc., 197 F.3d 1205 (8th Cir. 1999), for the proposition that it is an abuse of discretion for a trial court to fail to consider attorney fees awarded in similar cases.  In Thorne, however, we found that it was an abuse of discretion to fail to consider awards in comparable cases where the requested fees, on their face, were remarkably high given the type of case.  We stated, "When, as here, the amount sought by the prevailing party is far more than one would expect

---

[3]Burks argues that the trial court applied the wrong test in reaching this conclusion.  Burks argues that the trial court could only find the settlement to be a nuisance settlement if the claim was frivolous or groundless.  In Tyler v. Corner Construction Corp., 167 F.3d 1202 (8th Cir. 1999), this Court did set such a test.  Burks argues that, because his claim survived a motion for summary judgment, it was not lacking in merit.  In Tyler, we rejected this reasoning, noting that the claim at issue there had survived two previous motions for summary judgment but nevertheless remanding the case to the trial court for a specific determination of whether the settled claim was frivolous or groundless.  Here, the parties stipulated in the settlement agreement that the settlement was for nuisance value only, and the trial court did make a specific finding that the claim was one on which the plaintiff was unlikely to prevail.

for a case of its complexity and novelty, the court should reference awards in similar cases." *Id.* at 1213.

Here, there is no claim that the requested fees were especially high–or especially low–for a case of the novelty and complexity of the one here. Rather, the trial court properly reduced those requested fees to reflect the degree of success obtained by the plaintiff. Thus, Thorne is distinguishable from the case at bar.

What is more, however, Burks does not suggest that the trial court should have compared its award of fees to awards for similarly situated plaintiffs. Rather, Burks argues that the trial court should have compared the fees it granted to Burks' counsel to the fees charged by Siemens' counsel. Such an apples-to-oranges comparison is not required by law and would not be advisable. The most obvious flaw with this proposed requirement is that making such a comparison–where the benchmark for the award of plaintiff's attorney fees is "reasonableness"–would require the trial court to first determine whether the defendant's counsel billed a reasonable amount. Such a scheme does not make sense, and it was not an abuse of discretion for the trial court to decline to make such a comparison.

The district court's award of attorney fees is affirmed.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.