Mary MOCK; and Diana
Cole, Plaintiffs,

v.

SOUTH DAKOTA BOARD OF RE-
GENTS; University of South Dakota;
Jack Doyle, acting in his official and
individual capacities; Roger L. Ko-
zak, acting in his official and individ-
ual capacities; and James W. Abbott,
acting in his official and individual
capacities, Defendants.

No. CIV 00–4191.

United States District Court,
D. South Dakota,
Southern Division.

Oct. 28, 2003.

Steven R. Jensen, Laura D. Schmitt, Crary, Huff, Raby, Inkster, Sheehan, Ringgenberg, Hartnett, Storm & Jensen, Sioux City, IA, Martha Walters, Charles M. Zennache, Suzanne B. Chanti, Walters, Romm, Chanti & Dickens, Eugene, OR, for Plaintiff.

Robert B. Frieberg, Frieberg, Rudolph & Nelson, Beresford, SD, Steven M. Johnson, Matthew T. Tobin, Johnson, Heidepriem, Miner, Marlow & Janklow, Sioux Falls, SD, for Defendant.

James F. Shekleton, Board of Regents, Pierre, SD, for Defendant Board of Regents.

## MEMORANDUM OPINION AND ORDER

PIERSOL, Chief Judge.

Plaintiffs filed a Motion for Attorney Fees and Costs, Doc. 138. The motion has been fully briefed and will be decided based upon the written record.

### BACKGROUND

The jury returned a verdict in favor of Plaintiffs Mary Mock and Diana Cole on May 15, 2003, in this gender discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, as amended, and 42 U.S.C. § 1983. The jury awarded Plaintiff Mary Mock $76,071 in back pay and benefits and $150,000 in compensatory damages. Plaintiff Diana Cole was awarded $53,156 in back pay and benefits and $150,000 in compensatory damages. After a hearing, the Court awarded front pay to Mock. Cole did not request front pay.

Plaintiffs moved for an award of attorney fees pursuant to 42 U.S.C. § 2000e–5(k), 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54. They seek attorney fees in the amount of $491,110.00 and expenses in the amount of $16,779.77, for a total award of $507,889.77. Plaintiffs' counsel represent to the Court that they carefully reviewed their time and billing on this litigation and have deducted from their request over $50,000.00 for work that was duplicative, unnecessary or appeared to be excessive, or that related solely to the claims on which the Defendants prevailed. In their brief in support of the motion, the Plaintiffs provide a chart with

the name of the individual performing services, his or her position, hourly rate, number of hours expended and sub-total for that individual. (Doc. 138, at 6.) This chart is attached as Exhibit A to this Opinion. The bulk of the requested fees are for lead trial attorney, Suzanne B. Chanti, at an hourly rate of $225.00 for 1,237.6 hours, totaling $278,460.00. Steven R. Jensen was local counsel and was Ms. Chanti's co-counsel at trial. Mr. Jensen's hourly rate is $180.00 for 554.25 hours, totaling $99,765.00.

A portion of the $50,000.00 in attorney fees Plaintiffs' counsel deducted from their request related to matters on which the Court ruled in favor of the Defendants. During the summary judgment proceedings, the Court granted summary judgment to Defendants on Plaintiffs' cause of action for retaliation under Title IX and on Plaintiffs' claims for punitive damages on certain claims and against Defendant James Abbott. In addition, during trial the Court granted judgment as a matter of law in favor of Defendants Roger Kozak and Jack Doyle on the Plaintiffs' claims for punitive damages.

Defendants object to Plaintiffs' request because the hourly rates are excessive and not supported by the evidence, the time spent on the case is excessive and duplicative and the Plaintiffs enjoyed limited success despite the jury's verdict. Relying on attorney Michael Luce's affidavit, Defendants contend that a reasonable hourly rate is between $135 and $150. One aspect of Plaintiffs' request that should not be compensated, according to Defendants, is time spent on administrative proceedings that were not necessary to the litigation. The second aspect of excessive and duplicative time asserted by Defendants involved both trial counsel preparing for and attending the depositions of the Plaintiffs and the individual Defendants.

In their reply brief, Plaintiffs counter that as a matter of trial preparation, trial counsel attended both of the Plaintiffs' depositions, but they were both in attendance at only one day of Roger Kozak's deposition and not at the other individual Defendants' depositions. Attorney Mark Meierhenry submitted an affidavit stating that he has reviewed the hours expended and rates of both Ms. Chanti and Mr. Jensen and their law firms and concluded that the attorney fees requested in this case are reasonable. Attorney Meierhenry further stated that there are not many attorneys in South Dakota that have the skill and expertise to prosecute civil rights and employment actions or that will accept the risk associated with plaintiffs' civil rights actions. The difficulty in finding competent counsel was exacerbated in this case because of the identity of the Defendants involved.

## DISCUSSION

▇ Authority to award attorney fees and expenses in this case is provided by both 42 U.S.C. § 2000e–5(k) and 42 U.S.C. § 1988. The lodestar is to be calculated by multiplying the number of reasonable hours by a reasonable rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (setting forth twelve factors considered in determining the amount of attorney fees to award). Each of the attorneys, paralegals, and law clerks that have worked for the Plaintiffs have different hourly rates. The name, position, hourly rate, number of hours and corresponding fees requested are set forth in the chart attached to this opinion as Exhibit A. The fee applicant has the burden of showing "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S.

886, 895–96 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

■ The Court has calculated the award of attorney fees according to the rates requested by the Plaintiffs, with the exception that the hourly rate for Ms. Martha Walters is reduced from $250.00 to $225.00. Based upon the entire record, including the Affidavit of attorney Mark Meierhenry, the Court concludes the rates requested, as modified for Ms. Walters, are reasonable in this case. Ms. Chanti's hourly fee of $225.00 and Mr. Jensen's hourly fee of $180.00 are reasonable based upon their respective skill, expertise and abilities as observed by the Court during the pre-trial proceedings and the jury trial in this case. The Court will reduce Ms. Walters' hourly fee of $250.00 because the Court does not find that an hourly rate of $250.00 is supported by the record. Considering her experience and expertise in prosecuting these types of employment and discrimination cases, however, the Court concludes that she should be compensated at the same rate as her law partner, Ms. Chanti. This will result in a deduction of $4,440.00 from Plaintiffs' fee request. The Court finds that the hourly rates of the other attorneys who worked on the case are reasonable.

Plaintiffs request a fee of $70.00 per hour for the services of Ms. Nancy Ford, a paralegal in Mr. Jensen's law firm. She has been employed as a paralegal since 1986. The Court observed Ms. Ford during the trial in this case and noted that she provided exceptional assistance to both Ms. Chanti and Mr. Jensen during their examinations of witnesses. Because of Ms. Ford's extensive experience and skills, her rate of $70.00 per hour is allowed even though this Court would not normally allow that rate for paralegal work. The hourly rate of other paralegals who worked on this case, Sally Reidy, Sena Richichi and Pattie Jenkins, is $50.00.

This is a reasonable hourly rate for legal assistants. One of the law clerks was billed at $60.00 per hour for nine hours. Without any additional information concerning this law clerk, the Court finds an hourly rate of $60.00 for a law clerk is excessive and will reduce that rate to $40.00, the reasonable rate requested for the other law clerks working on this case. Thus, the total for the second law clerk will be reduced by $180.00 from $540.00 to $360.00.

The second issue in the lodestar calculation is whether the time spent by the attorneys, paralegals and law clerks was reasonable. The Court has reviewed the time sheets submitted by both law firms working on this case for the Plaintiffs and finds that the allocation of time to the well-documented tasks was necessary and reasonable. This case was highly fact intensive and also involved some complex legal issues. Moreover, there were two Plaintiffs' cases that had to be proven to prevail on their separate claims. A review of the verdict form demonstrates that each Plaintiff was treated separately and the jury was required to deliberate on each of their claims against each of the Defendants. Although there was some overlap in the evidence, the termination of each Plaintiff had to be examined and presented to prove their separate cases against each of the individual Defendants. Moreover, a portion of the $50,000 of fees eliminated by Plaintiffs from their request encompasses many time entries that represented unnecessary duplication of efforts.

■ One specific objection made by Defendants is to the compensation for attorney fees relating to administrative proceedings. There are a limited number of hours for researching exhaustion of administrative remedies and administrative procedure included in Mr. Jensen's fee statement. The Eighth Circuit explained that

"[a]n attorney's work done in connection with administrative proceedings is compensable under [42 U.S.C.] § 2000e–5(k) if the work product from the administrative proceedings was 'both useful and of a type ordinarily necessary to advance the civil rights litigation to the state it reached before settlement.'" *Bobbitt v. Paramount Cap Mfg., Co.,* 942 F.2d 512, 514 (8th Cir.1991). The Court finds Mr. Jensen's work in connection with administrative proceedings is compensable because it was necessary and useful to proceed on Plaintiffs' Title VII claims in this litigation.

■ The Court rejects Defendants' contention that the fee request should be reduced because both trial counsel attended the depositions of the Plaintiffs and some individual Defendants. Although it may not always be necessary and reasonable for two counsel to attend a client's deposition, credibility of the witnesses was crucial in this case and the Court finds it was sound trial preparation for both trial counsel to attend their clients' depositions to observe their demeanor as witnesses. The record further demonstrates that both counsel for Plaintiffs did not attend all of the depositions of the individual Defendants. Rather, Ms. Chanti was primarily responsible for the depositions of the individual Defendants and Mr. Jensen was present for the first day of Defendant Roger Kozak's deposition. The reason for having two attorneys present at Mr. Kozak's deposition was the Plaintiffs' belief that Mr. Kozak was most knowledgeable about both Plaintiffs' terminations. The Court finds this was reasonable trial preparation and will allow this duplication of attendance at one day of Mr. Kozak's deposition.

■ Defendants contend that the fee award should be decreased by at least 20 per cent based upon lack of success. The Court disagrees that Plaintiffs obtained only limited success, rather the Court finds Plaintiffs obtained excellent results in this case. The Court first notes that Plaintiffs excluded from their request nearly $50,000.00 in fees that involved work on the Title IX and punitive damages issues in this case, on which the Court granted summary judgment or judgment as a matter of law in favor of Defendants. Thus, Plaintiffs' request excludes fees for claims on which they did not prevail. This reduction exemplifies Plaintiffs' reasonableness in their request for fees. When this lawsuit was initiated in 2000, it was generally assumed by courts that a cause of action for retaliation under Title IX (or Title VI, which Title IX was modeled after) could be pursued by an individual plaintiff. The Defendants were successful in arguing that Plaintiffs did not have a private cause of action for retaliation under Title IX based upon an Eleventh Circuit decision decided on October 21, 2002, that a private right of action does not exist under Title IX. *See Jackson v. Birmingham Bd. of Educ.,* 309 F.3d 1333, 1348 (11th Cir.2002), *petition for cert. filed,* 71 USLW 3736, —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d —— (U.S. May 13, 2003) (No. 02–1672). In contrast to the Eleventh Circuit, however, the Fourth Circuit issued an opinion on April 22, 2003, holding there is an implied private cause of action for retaliation under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, which Title IX is modeled after. *See Peters v. Jenney,* 327 F.3d 307 (4th Cir.2003). Although the Court ultimately agreed with the Eleventh Circuit based upon the Supreme Court's precedent on determining whether an implied right of action exists, Plaintiffs' claims under Title IX were not "unwarranted," as characterized by the Defendants, in light of the unsettled law. Moreover, many of the facts supporting a claim for retaliation under Title IX overlapped with those important to Plaintiffs' claims under 42 U.S.C. § 1983 against the indi-

vidual Defendants. The Court does not find that Plaintiffs' request for fees should be reduced for lack of success beyond the fees excluded by Plaintiffs.

■ Several of the factors set forth in *Hensley* have been addressed above. In addition, the Court recognizes that Plaintiffs' counsel accepted this case on a contingency basis and that it was a time-consuming case, which precluded at least Ms. Chanti from accepting some cases. Ms. Chanti was intimately familiar with the factual evidence in the case, which was developed through careful examination of numerous documents and other evidence. Thus, the Court finds that at least Ms. Chanti was precluded from some employment due to acceptance of this case. Plaintiffs attempted to secure counsel from South Dakota with experience in employment law, but they had a difficult time due to the undesirability of this case. This was a case against one of the few universities in the State and against prominent administrators of that university. One of the individual Defendants, James Abbott, was a candidate for Governor of the State of South Dakota. The Court concludes many attorneys, especially in South Dakota, would have found this case "undesirable." As to past awards of attorney fees, in 2001, the Court awarded attorney fees in the amount of $74,592.20 in a sexual harassment case. *See Jaros v. LodgeNet Entertainment Corp.*, 171 F.Supp.2d 992, 1009 (D.S.D.2001), *aff'd* 294 F.3d 960 (8th Cir. 2002). In *Jaros*, however, there was one defendant and one counsel representing the plaintiff, who requested fees at an hourly rate of $190.00. In this case, there were two Plaintiffs, four defendants and more than one counsel representing the Plaintiffs. Thus, considering the additional work required in this case compared to *Jaros*, the award of fees in this case is consistent with the award in *Jaros*. Defendants' suggestion that the Court should consider the amount of fees paid to de-

fense counsel in determining whether Plaintiffs' fee request is reasonable has been rejected by the Eighth Circuit. *See Burks v. Siemens Energy & Automation, Inc.*, 215 F.3d 880, 884 (8th Cir.2000).

■ In addition to attorney fees, Plaintiffs request reimbursement of litigation expenses in the amount of $16,779.77. "Reasonable expenses, the sort that lawyers ordinarily include in their bills to clients, are recoverable as part of the reasonable attorneys' fee ordinarily awarded to prevailing plaintiffs [who are entitled to attorney fees pursuant to 42 U.S.C. § 1988]." *Neufeld v. Searle Lab.*, 884 F.2d 335, 342 (8th Cir.1989). Defendants have not challenged any of the expenses submitted by Plaintiffs. Having reviewed Plaintiffs' statement of litigation expenses, the Court finds the expenses reasonable and necessary to litigate this action and they will be awarded to Plaintiffs.

## CONCLUSION

Based upon the record in this case, including Plaintiffs' counsels' well-documented fee statements, the Court finds the hours and rates requested by Plaintiffs are reasonable and the lodestar is calculated accordingly, with the exceptions of a reduction of $4,440.00 relating to the hourly rate reduction for Ms. Walters and a reduction of $180.00 relating to the hourly rate reduction for one law clerk from $60.00 to $40.00. *See Hensley*, 461 U.S. at 434, 103 S.Ct. 1933 (explaining that the lodestar is to be calculated by multiplying the number of reasonable hours by a reasonable rate). The lodestar will not be reduced because Plaintiffs have excluded from their request fees related to issues on which they did not prevail and the excellent results they obtained. Accordingly,

IT IS ORDERED:

1. That Plaintiffs' Motion for Attorney Fees and Costs, Doc. 138, is

granted, with the exception of a total reduction of $4,620.00 from their request relating to hourly rate reductions.

2. That Defendants shall pay to Plaintiffs $486,490.00 in attorney fees and $16,779.77 in expenses.

## Exhibit A

| NAME | POSITION | HOURLY RATE | # OF HOURS | FEES |
|------|----------|-------------|------------|------|
| Suzanne B. Chanti | Attorney | $225 | 1,237.60 | $278,460.00 |
| Steven R. Jensen | Attorney | $180 | 554.25 | $ 99,765.00 |
| Martha L. Walters | Attorney | $250 | 177.60 | $ 44,400.00 |
| David Dickens | Attorney | $175 | 22.0 | $ 4,400.00 |
| Charles M. Zennaché | Attorney | $175 | 213.20 | $ 37,310.00 |
| Chad McShane | Attorney | $100 | 7.25 | $ 725.00 |
| Dan Hartnett | Attorney | $180 | 3.75 | $ 675.00 |
| Darrell Jesse | Attorney | $130 | 2.50 | $ 325.00 |
| Sally Reidy | Legal Assistant | $50 | 157.5 | $ 7,875.00 |
| Sena Richichi | Legal Assistant | $50 | 6.4 | $ 320.00 |
| Pattie Jenkins | Legal Assistant | $50 | 22.4 | $ 1,120.00 |
| Nancy Ford | Legal Assistant | $70 | 195.75 | $ 13,702.50 |
| Law Clerks | Law Clerks | $40 | 32.25 | $ 1,290.00 |
| Law Clerk | Law Clerk | $60 | 9.0 | $ 540.00 |
| Rosemary Sheehan | Attorney | $160 | .75 | $ 120.00 |
| Laura Schmitt | Attorney | $110 | .75 | $ 82.50 |
| | | | Total Hours | Total Fees |
| | | | 2,643.35 | $491,110.00 |