Joyce STENGER, Appellant–Plaintiff,

v.

LLC CORP. d/b/a Saturn of Fishers,
Appellee–Defendant.

No. 29A02–0406–CV–452.

Court of Appeals of Indiana.

Dec. 20, 2004.

Scott M. Cohen, John D. Barker, Krohn & Moss, Ltd., Chicago, IL, Attorneys for Appellant.

Denver C. Jordan, Jennifer M. Young, Blume, Connelly, Jordan & Stucky, Fort Wayne, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Chief Judge.

Joyce Stenger appeals from the trial court's order granting LLC Corp. d/b/a Saturn of Fishers's ("Saturn") motion to strike her request for attorney's fees, raising the following issue for review: whether a plaintiff in a claim brought under the federal Magnuson Moss Warranty Act ("Warranty Act") may recover attorney's fees as a prevailing party after judgment is entered pursuant to a settlement agreement that is silent on attorney's fees.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In February 2002, Stenger purchased a vehicle from Saturn. After numerous unsuccessful attempts to have Saturn fix problems with the vehicle, Stenger filed suit in October 2002 alleging a breach of implied warranty and the revocation of her acceptance pursuant to the Warranty Act. Her complaint included a prayer for damages, attorney's fees, and costs. Saturn filed a counterclaim alleging that Stenger's claim was frivolous, but the trial court later dismissed it. In February 2004, fifteen days prior to trial, Saturn tendered, pursuant to Ind. Trial Rule 68, an offer of judgment to Stenger which stated, "[Saturn] allows Joyce Stenger to take judgment against it in the amount of $8000.00." *Appellant's Appendix* at 52. That same day, Stenger notified the court that she accepted the settlement offer by stating: "Plaintiff hereby accepts Defendant[']s Offer of Judgment and moves this court to

enter judgment in favor of Plaintiff and against Defendant in the amount of $8,000 pursuant to Plaintiff's claims brought under the Magnuson Moss Warranty Act, 15 U.S.C. § 2301 et[ ] seq." *Id.* at 53. Accordingly, the trial court executed an entry of judgment for $8,000 the following day.

On February 16, 2004, Stenger filed her petition for attorney's fees. Saturn responded with a motion to strike, which the trial court granted. Stenger now appeals.

### DISCUSSION AND DECISION

■ Stenger contends that the trial court erred in granting Saturn's motion to strike her request for attorney's fees because she was entitled to attorney's fees as the prevailing party under the Warranty Act following the trial court's entry of judgment pursuant to the parties' agreement. In part, the Warranty Act provides:

"If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys fees would be inappropriate."

15 U.S.C.A. § 2310(d)(2). Thus, under the Warranty Act, a "prevailing party" is entitled to recover attorney's fees. Although the Warranty Act is silent as to whether a party accepting an offer of judgment constitutes a "prevailing party," Stenger cites examples where settling plaintiffs have been found to be prevailing parties under other federal fee-shifting statutes that allow a prevailing party in a litigation to

seek attorney's fees and costs once a decision on the merits, including an entry of judgment pursuant to an agreement, has been reached. *See, e.g., Buckhannon Bd. & Care Home v. West Virginia Dep't of Health & Human Res.,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (interpreting Fair Housing Amendments Act and Americans with Disabilities Act).

Saturn, by contrast, relies on T.R. 68, which provides in part:

"At any time more than ten [10] days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued."

Saturn argues that T.R. 68 does not allow for recovery of attorney's fees as part of its "costs then accrued" language. Rather, Saturn contends that Stenger's request for attorney's fees is barred by the entry of judgment pursuant to her acceptance of the offer of judgment which found for Stenger "pursuant to [her] claims," *Appellant's Appendix* at 54, which it argues includes her claim for attorney's fees. Moreover, it notes that the offer of judgment did not specifically reserve the issue of attorney's fees and that because Stenger did not inquire as to whether attorney's fees were included in the offer of judgment, she is properly barred from bringing an attorney's fees claim post-judgment.

■ "[A] consent judgment is both contractual, in that it is an agreement between the parties settling the underlying dispute, and an entry of judgment by the court with all that it means in committing the force of society to implement the judgment in its courts." *Ingoglia v. The Fogelson Cos., Inc.,* 530 N.E.2d 1190, 1199 (Ind. Ct.App.1988). We have previously noted

that some courts and commentators focus upon the contractual nature of a consent judgment and construe such decrees by ascertaining the intent of the parties, while others focus upon the fact that a consent judgment is a judgment of the court. *See id.*

In *Hanover Logansport, Inc. v. Robert C. Anderson, Inc.*, 512 N.E.2d 465, 468–72 (Ind.Ct.App.1987), we faced the issue of whether a plaintiff who accepts an offer of judgment which conforms to one of the alternative prayers for relief contained in its complaint may then seek additional damages arising from the same cause of action. In that case, the plaintiff brought suit seeking specific performance of a lease of real property or, in the alternative, damages for loss of profits. The defendant made an offer of specific performance under T.R. 68, and the plaintiff accepted the offer. Accordingly, the trial court entered judgment, and the plaintiff took possession of the real estate. The plaintiff then sought to continue the litigation on the alternate claim of relief in its complaint. The defendant argued that by accepting the offer, the plaintiff chose its remedy and should be barred from continuing the litigation. The plaintiff responded that an offer of judgment under T.R. 68 may be in part and that the defendant and the trial court were on notice that the offer of judgment did not address and dispose of its entire claim because of the plaintiff's reservation in its acceptance that the offer was being accepted only to mitigate damages.

We noted the dual aspect of a consent judgment and the two schools of thought for interpreting them. After looking to the arguments on both sides of the debate, we looked to the language of T.R. 68 itself, which implies that a plaintiff may reserve an issue or claim outside a judgment. Moreover, we noted that T.R. 68 can be used to determine liability or damages independently of one another, even if the other issue is tried. We concluded that if all issues and claims must be negotiated and dealt with in a consent judgment or foregone forever, parties might be reluctant to enter into such agreements. To encourage such agreements, we adopted the consent-judgment-as-contract theory and held that the preclusive effect of a consent judgment must be measured by the intent of the parties. We cautioned, however, that "it must be clear that *both* parties have agreed to reserve an issue or claim. *And,* it must be precisely stated what issues or claims are being reserved." *Id.* at 471.

We examined the language of the plaintiff's acceptance and concluded that it was not clear what claim for damages the plaintiff was attempting to reserve. Moreover, the plaintiff's complaint was ambiguous as well. We further noted that the defendant never intended for the claim to be reserved. To insure that both parties have agreed to reserve a claim or issue and that the reserved claim or issue is clearly apparent to both parties, we held that (1) the reservation must be incorporated into the offer of judgment itself, and (2) it must be an inherent part of the original complaint. We therefore concluded that because the plaintiff did not include a claim for damages for delay in tendering the real estate in its complaint, it was precluded from reserving such a claim in the consent judgment. We remanded the cause to the trial court with instructions to enter judgment on the offer of judgment and to grant the defendant's motion to dismiss. *Id.* at 472.

Although *Hanover* involved a plaintiff's attempts to pursue an alternate prayer for relief, while Stenger seeks to invoke an additional prayer in her complaint—her prayer for attorney's fees—after entry of a

T.R. 68 judgment that did not explicitly include such relief, the issue is still one of the proper construction of the offer of settlement. Accordingly, we look to principles of contract interpretation. *See Ingoglia,* 530 N.E.2d at 1199–1200 (applying contract principles to determine whether a consent judgment could be modified).

■ The interpretation and construction of a contract is a function for the courts. *Steiner v. Bank One Indiana, N.A.,* 805 N.E.2d 421, 424 (Ind.Ct.App. 2004). In construing a consent judgment, the court must determine and effectuate the intent of the parties. *Ingoglia,* 530 N.E.2d at 1200. If the language of the agreement is unambiguous and the intent of the parties is discernible from the written contract, the court must give effect to the terms of the contract. *Id.* A contract is ambiguous if a reasonable person would find the contract subject to more than one interpretation. *Id.* The terms of a contract are not ambiguous merely because the parties disagree as to their interpretation. *Steiner,* 805 N.E.2d at 425. Where the terms of a contract are clear and unambiguous, the terms are conclusive and we will not construe the contract or look at extrinsic evidence, but will merely apply the contractual provisions. *Id.*

■ Here, the settlement offer and Stenger's acceptance are unambiguous and make absolutely no mention of attorney's fees. Rather, the offer allowed Stenger to "take judgment against" Saturn in the specified amount. *Appellant's Appendix* at 52. This broad language appears to cover any and all claims Stenger raised against Saturn. Moreover, Stenger did not specifically reserve her claim for attorney's fees. Based on the contract as a whole, we conclude that the parties' intent was to completely dispose of Stenger's claims against Saturn. Accordingly, the entry of judgment pursuant to the settlement agreement precludes Stenger's request for attorney's fees.

■ Stenger, however, argues that to the extent that T.R. 68 conflicts with the fee-shifting provision under the Warranty Act, it is preempted. The preemption doctrine invalidates those state laws that interfere or conflict with federal law. *Community Action Program of Evansville v. Veeck,* 756 N.E.2d 1079, 1084 (Ind.Ct.App. 2001). The doctrine is based on the supremacy clause of the United States Constitution which provides that the law of the United States is the supreme law of the land, regardless of anything in the constitution or laws of any state to the contrary. *Id.*

We see no conflict. We do not hold that as a matter of law consumers who accept offers of settlement are not "prevailing parties" as that phrase is used in the Warranty Act by virtue of the operation of the trial rules. Rather, we hold only that when such offers, acceptances, and resulting judgments are completely silent on the issue of attorney's fees and appear to otherwise settle all claims between the parties, the judgment cannot be interpreted to leave the issue of attorney's fees open.

Affirmed.

BAKER, J., and ROBB, J., concur.