**Michael R. DAFFRON, Appellant–Plaintiff,**

v.

**Deputy Richard SNYDER # 2741, and Gary D. Leatherman, Noble County Sheriff, Appellees–Defendants.**

No. 57A03–0603–CV–94.

Court of Appeals of Indiana.

Sept. 19, 2006.

Rehearing Granted Nov. 20, 2006.

Christopher C. Myers, Christopher C. Myers & Associates, Fort Wayne, IN, Attorney for Appellant.

Robert E. Kabisch, Andrew S. Williams, Fort Wayne, IN, Attorneys for Appellees.

## OPINION

VAIDIK, Judge.

### Case Summary

Michael Daffron appeals the trial court's order denying his attorney's fees. Daffron filed suit against Deputy Richard Snyder and his employer, Sheriff Greg Leatherman, alleging state tort claims and a claim for deprivation of civil rights under 42 U.S.C. § 1983. Pursuant to 42 U.S.C. § 1988, a "prevailing party" in a section 1983 action may be awarded attorney's fees as part of the costs of the underlying action. Defendants eventually settled with Daffron for "Three Thousand Dollars ($3000.00) with costs accrued" pursuant to a Trial Rule 68 Offer of Judgment, and Daffron filed a request for attorney's fees as costs with the trial court, which was denied. We hold that because a Trial Rule 68 settlement agreement results in a consent judgment and because a consent judgment is a court-ordered change in the legal relationship between the parties, the party accepting the settlement is a "prevailing party" for purposes of section 1988. Daffron, therefore, is a "prevailing party" here, and he is entitled to attorney's fees pursuant to the parties' settlement agreement. We therefore reverse and remand with instructions to award Daffron attorney's fees.

### Facts and Procedural History

On January 10, 2003, Michael Daffron went to the Noble County Courthouse to relay a message from his ex-wife, who asked him to inform the court that she would be unable to attend a hearing scheduled that morning involving a domestic situation with the couple's daughter. Upon entering the courthouse, Daffron showed Deputy Richard Snyder some paperwork related to his daughter's hearing, then proceeded upstairs to conduct his business with the court. Shortly thereafter, Deputy Snyder entered the courtroom and informed Daffron that when they had spoken, Deputy Snyder smelled alcohol on Daffron's breath. The parties differ on whether Daffron appeared intoxicated in any manner, with Daffron arguing that he did not and Deputy Snyder alleging that Daffron's eyes were bloodshot, that his gait was unsteady, and that he was belligerent and irritable. Daffron stated that he drank one and one-half to two beers with his meal before he received the call from his wife to come to the courthouse. Deputy Snyder persisted in questioning Daffron about his drinking, and Daffron submitted to a portable breathalyzer test, which registered 0.039.

Deputy Snyder then arrested and handcuffed Daffron and transported him to the Noble County Jail, where Daffron was given another breathalyzer that registered 0.00. Daffron remained in custody for approximately five hours before being released on his own recognizance. He was charged with public intoxication, a class B misdemeanor.[1] Daffron soon obtained legal counsel, and the charges against him were dismissed a few weeks later.

On August 5, 2004, Daffron filed a complaint against Deputy Snyder and against Noble County Sheriff Greg Leatherman in his capacity as Snyder's employer (collectively, "Defendants"). Daffron's complaint included tort claims under Indiana law alleging false arrest, false imprisonment, and malicious prosecution and a civil rights

---

1. Ind.Code § 7.1–5–1–3.

deprivation claim under 42 U.S.C. § 1983. On January 25, 2005, Defendants filed a motion for summary judgment. Following a hearing, the trial court denied Defendants' motion for summary judgment in its Order dated June 30, 2005. Appellant's App. p. 66.

On July 19, 2005, Daffron's counsel mailed a letter demanding settlement of his claims in the amount of $20,000.00, a figure that expressly included attorney's fees. *See id.* at 34. At that time, Daffron's attorney's fees were approximately $7200.00. This settlement offer was refused, and the parties continued to progress toward trial. However, on November 18, 2005, Defendants made an Offer of Judgment pursuant to Indiana Trial Rule 68 in the amount of "Three Thousand Dollars ($3000.00) with costs now accrued." Daffron accepted the offer and filed a Notice of Acceptance with the trial court on November 22, 2005. At that point, Daffron's attorney's fees amounted to approximately $9000.00.

Thereafter, the parties submitted extensive briefs to the trial court on the issue of attorney's fees. The parties agreed that 42 U.S.C. § 1983 provides for an award of costs to a prevailing party under 42 U.S.C. § 1988, which provides that attorney's fees are included in the costs of an action.[2] Daffron argued that he was the prevailing party in the underlying suit and settlement and so he was entitled to attorney's fees. Defendants argued, on the other hand, that their offer of "Three Thousand Dollars ($3000.00) with costs accrued" did not include attorney's fees, but instead was a mere nuisance settlement. Therefore, they insisted, Daffron was not a prevailing party and was not entitled to attorney's fees. On February 1, 2006, the trial court

entered an Order and *sua sponte* issued Findings and Conclusions. The trial court's findings included various references to Daffron's claim, the parties' settlement negotiations, and the court's denial of Defendants' motion for summary judgment. The trial court found that the section 1983 claim was included in the settlement and therefore Daffron preserved his right to seek fees if he was, indeed, a prevailing party. In pertinent part, the trial court's findings and conclusions also contained the following:

1. Plaintiff's claim against the defendants was settled for $3000.00 pursuant to the acceptance by plaintiff of a TR 68 Offer of Judgment filed on November 22, 2005.

\* \* \* \* \*

14. Plaintiff accepted a settlement which was 15% of his July 19, 2005[,] demand which was made after his successful defense of summary judgment.

15. The settlement amount is a nuisance value settlement and therefore, plaintiff is not a prevailing party as required by § 1988.

16. Plaintiff's request for fees in addition to the settlement amount is DENIED.

*Id.* at 13–14. Daffron now appeals the trial court's judgment on attorney's fees.

### Discussion and Decision

Daffron presents several issues for our review, which we consolidate and restate as whether a plaintiff who accepts an offer of judgment pursuant to Trial Rule 68 is a prevailing party for purposes of 42 U.S.C. § 1988, which would entitle

---

2. 42 U.S.C. § 1988 provides that "[i]n any action or proceeding to enforce a provision of sections [including 42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs...."

him to attorney's fees as part of the costs covered by the parties' settlement agreement. Ordinarily, this Court reviews a trial court's denial of an award of attorney's fees under section 1988 for an abuse of discretion. *Young v. Ind. Dep't of Natural Res.*, 789 N.E.2d 550, 560 (Ind.Ct. App.2003), *trans. denied.* However, "when a trial court denies attorney's fees to a prevailing party under section 1988 as a result of applying a principle of law, the justifications for the generally deferential standard of review are absent." *Id.* (citing *Jaffee v. Redmond*, 142 F.3d 409, 412 (7th Cir.1998)). In such a situation, we review the denial of attorney's fees *de novo* as with all questions of law. *Id.*

██ The trial court based its decision upon its legal determination that Daffron was not a prevailing party in the matter before the court. Resolution of this question is dispositive of the matter before us, for if Daffron *is* a prevailing party, then under section 1988[3] the "costs accrued" referred to in the parties' settlement agreement include attorney's fees because the Defendants, in drafting the agreement, failed to specifically exclude attorney's fees from those costs. *See Torres v. Met. Life Ins. Co.*, 189 F.3d 331, 333 (3rd Cir.1999) ("If the parties cannot agree on counsel fees and the losing party wishes to foreclose a suit ... for attorney's fees, it must insist that a stipulation to that effect be placed in the settlement agreement.") (quotation omitted); *Erdman v. Cochise County*, 926 F.2d 877, 880 (9th Cir.1991) ("[A]ny waiver or limitation of attorney fees in settlements of section 1983 cases must be clear and unambiguous"); *Foster v. Kings Park Cent. Sch. Dist.*, 174 F.R.D. 19, 24 (E.D.N.Y.1997) ("Waiver of the right to attorney's fees must be clear and unam-

biguous.") (quotation omitted); *Higgins v. Philadelphia Gas Works*, 54 B.R. 928, 933 (E.D.Pa.1985) ("Because the stipulation of settlement does not clearly and unambiguously refer to a waiver of a right to attorney's fees, the plaintiffs did not waive their right to seek such fees.").

In making this inquiry, we first note that we have repeatedly recognized that offers of judgment under Trial Rule 68 are a type of consent judgments. *See Stenger v. LLC Corp.*, 819 N.E.2d 480, 482 (Ind.Ct. App.2004), *trans. denied*; *Ingoglia v. The Fogelson Cos., Inc.*, 530 N.E.2d 1190, 1199 (Ind.Ct.App.1988), *reh'g denied*; *Hanover Logansport, Inc. v. Robert C. Anderson, Inc.*, 512 N.E.2d 465, 469–70 (Ind.Ct.App. 1987). Properly postured, then, our inquiry may be phrased as whether a party accepting settlement pursuant to a consent judgment should be considered a prevailing party.

The United States Supreme Court has previously decided this issue, most recently addressing it in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). In *Buckhannon*, the Supreme Court adopted the Black's Law Dictionary definition of a prevailing party as "[a] party in whose favor a judgment is rendered, *regardless of the amount of damages awarded....* " 532 U.S. at 603, 121 S.Ct. 1835 (citing Black's Law Dictionary 1145 (7th ed.1999) (alteration in original) (emphasis added)). The Court remarked that "[t]his view that a 'prevailing party' is one who has been awarded some relief by the court can be distilled from our prior cases." *Id.* The Court further provides:

---

**3.** The parties agree that the definition of "costs" in this case is determined by section 1988, which includes attorney's fees as part of

costs a trial court may award to a prevailing party.

In addition to judgments on the merits, we have held that settlement agreements enforced *through a consent decree* may serve as the basis for an award of attorney's fees. *See Maher v. Gagne*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). Although a consent decree does not always include an admission of liability by the defendant, *see, e.g., id.*, at 126, n. 8, 100 S.Ct. 2570, *it nonetheless is a court-ordered "chang[e] [in] the legal relationship between [the plaintiff] and the defendant." Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) (citing *Hewitt [v. Helms], supra*, [482 U.S. 755] at 760–761 [107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) ] . . ., and *Rhodes v. Stewart*, 488 U.S. 1, 3–4, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988) (per curiam)). These decisions, taken together, establish that enforceable judgments on the merits *and court-ordered consent decrees* create the "material alteration of the legal relationship of the parties" necessary to permit an award of attorney's fees. 489 U.S. at 792–793, 109 S.Ct. 1486. . . .

*Id.* at 604, 121 S.Ct. 1835 (alterations in original) (footnote omitted) (emphases added). This passage indicates that the "relief" giving rise to a party's status as a "prevailing party" need not be in the form of a legal judgment on the merits against the opposing party, but may instead arise from a consent judgment, such as that entered pursuant to Trial Rule 68. The Indiana Supreme Court has also recognized this principle. *See Ind. State Bd. of Pub. Welfare v. Tioga Pines Living Ctr., Inc.*, 622 N.E.2d 935, 946 (Ind.1993) ("[T]o qualify as a prevailing party, . . . [t]he plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a *consent decree or settlement.*") (quoting *Farrar v. Hobby*, 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (emphasis added)). Importantly, the *Buckhannon* court was not concerned with the amount of the settlement, only with the species of the settlement, i.e., that it be one subject to a consent judgment as opposed to a private settlement.

This is precisely the scenario before this Court today. Daffron accepted an offer of judgment from the Defendants pursuant to Trial Rule 68, and the trial court entered the consent judgment approving the settlement agreement. Thus, under *Buckhannon* and its anteceding cases, Daffron is a prevailing party in this action. Furthermore, it matters not whether the settlement amount of "Three Thousand Dollars ($3000.00) with costs now accrued" was best characterized as a $3000.00 settlement that, not including attorney's fees, constituted only fifteen percent of Daffron's original settlement offer or as a $12,000.00 settlement including $9000.00 in attorney's fees, constituting sixty percent of the original offer.[4] Either way, it is a significant

---

4. Though we need not reach the issue directly, we wish to express our doubt regarding Defendants' argument that a proper interpretation of the contract indicates that the parties did not intend "costs now accrued" to include attorney's fees. Daffron's original settlement offer of $20,000.00 expressly included attorney's fees and put Defendants on notice as to the amount of those fees at that time, which already was more than double the $3000.00 Defendants claim Daffron accepted as a full settlement. Even without considering section 1988's allowance for attorney's fees as part of costs and the requirement that a party offering settlement specifically exclude attorney's fees if they are not to be included in those costs, Daffron's argument that the offer was, at best, ambiguous and so should be construed against the drafter-Defendants seems to us entirely plausible. *See, e.g., MPACT Const. Group, LLC v. Superior Concrete Constructors, Inc.*, 802 N.E.2d 901, 910 (Ind.2004) ("When there is ambigui-

amount and therefore is sufficient, when entered as a judgment, to constitute a change in the legal relationship of the parties. *See Stefan v. Laurenitis,* 889 F.2d 363, 369 (1st Cir.1989) (plaintiff who, pursuant to consent judgment, recovered $16,000.00 where original claim was for $1.9 million was prevailing party despite disparity between recovery and claim amounts; $16,000.00 was neither a de minimis amount nor a nuisance settlement in relation to amount of original claim and determination of "prevailing party" status hinged not on the amount of the settlement but on the fact that the "settlement is a resolution of the dispute which changes the legal relationship between the parties." (quotation omitted)).

Daffron was a prevailing party for purposes of section 1988. The trial court erred when it determined that he was not, and so it erred when it determined that the settlement agreement between the parties did not include payment of Daffron's attorney's fees. We therefore reverse the trial court and remand with instructions to award Daffron attorney's fees pursuant to the settlement agreement.

Reversed and remanded with instructions.

DARDEN, J., and RILEY, J., concur.

ty in a contract, it is construed against its drafter.").