Michael R. DAFFRON, Appellant–
Plaintiff,

v.

Deputy Richard SNYDER, and Gary D. Leatherman, Noble County Sheriff, Appellees–Defendants.

No. 57A03–0603–CV–94.

Court of Appeals of Indiana.

Nov. 20, 2006.

Christopher C. Myers, Christopher C. Myers & Associates, Fort Wayne, IN, Attorney for Appellant.

Robert E. Kabisch, Andrew S. Williams, Fort Wayne, IN, Attorneys for Appellee.

## OPINION ON REHEARING

VAIDIK, Judge.

Appellees, Deputy Richard Snyder and Sheriff Gary Leathermen, petition for rehearing in *Daffron v. Snyder*, 854 N.E.2d 52 (Ind.Ct.App.2006). Although we affirm our original opinion in all respects, we write on rehearing to address the Appellees' contention that our opinion improperly determined that Daffron was entitled to an award of attorney's fees.

In *Daffron*, we addressed whether Michael Daffron was a prevailing party as against the Appellees in his suit for, among other actions, a civil rights claim under 42 U.S.C. § 1983. Section 1983 provides for an award of costs pursuant to 42 U.S.C. § 1988, which permits a trial court to award attorney's fees at its discretion. Appellees made an Offer of Judgment pursuant to Indiana Trial Rule 68 in the amount of "Three Thousand Dollars ($3000.00) with costs now accrued." We determined that Daffron was a prevailing party and that the trial court erred when it found that the settlement between the parties was a nuisance settlement. We also determined that since Daffron was a prevailing party, the "costs accrued" under § 1988 referred to in the parties' settlement agreement may include attorney's fees because the Appellees, in drafting the agreement, failed to specifically exclude attorney's fees from those costs and the agreement was, at best, ambiguous on the subject. We reversed and remanded the case to the trial court "with instructions to award Daffron attorney's fees pursuant to the settlement agreement." *Id.* at 57.

Appellees contend that we usurped the trial court's discretionary function to determine whether to award attorney's fees, as provided under 42 U.S.C. § 1988.[1] This is not the case. It is well-settled that although an award of attorney's fees under section 1988 is discretionary, a trial court is expected to award such fees to a prevailing party absent some special circumstance justifying the court's refusal. *See, e.g., Topanga Press, Inc. v. City of Los Angeles*, 989 F.2d 1524, 1534 (9th Cir.1993). The trial court based its denial of attorney's fees on its findings that Daffron was not a prevailing party and the offer of judgment was merely a

---

1. In their petition for rehearing, the Appellees repeatedly argue that the only issue before this Court in this case was whether Daffron was a prevailing party, and they allege that whether Daffron was entitled to attorney's fees was not before us. However, even in their own brief to this Court, the Appellees framed the issue before us as follows: "Whether it was an abuse of discretion for the trial court to determine that this case was *settled for mere nuisance value*, that the appellant was not a prevailing party and that *the appellant was not entitled to attorney fees.*" Appellant's Br. p. 1 (emphases supplied). Further, the briefs of both parties are replete with references to the nature of the settlement (whether it is of merely nuisance value) and the propriety of an award of attorney's fees *outside* the issue of whether Daffron was a prevailing party. To come before this Court on rehearing, then, and to argue that the issue of attorney's fees was not before us is, we think, disingenuous.

nuisance settlement. Refusing an award of fees on grounds that a settlement was for nuisance value is within a trial court's discretion. *See Tyler v. Corner Const. Corp., Inc.,* 167 F.3d 1202, 1206 (8th Cir. 1999).

However, we found that Daffron was a prevailing party and that the settlement was not merely a nuisance settlement. *See Daffron,* 854 N.E.2d at 56; *see also Fox v. Parker,* 626 F.2d 351 (4th Cir.1980) ($5.00 recovery in suit for alleged use of excessive force by state trooper sufficient to support attorney's fees because vindication of plaintiff's civil rights inured to the benefit of all citizens); *Rohrer v. Slatile Roofing & Sheet Metal Co., Inc.,* 655 F.Supp. 736 (N.D.Ind.1987) ("Nothing in the record warrants a finding that the plaintiffs' claims were frivolous, unreasonable or groundless. Thus, the plaintiffs should be awarded attorney fees in an amount directly related to the degree of relief won."). Nothing in the Appellees' brief suggested any alternative grounds upon which the trial court could refuse Daffron's attorney's fees, and so we ordered the trial court to award those fees accordingly. *See Tyler,* 167 F.3d at 1206 (instructing trial court to award attorney's fees to a prevailing party where settlement was determined to be for more than nuisance value and no other grounds were provided to support refusal of attorney's fees).

■ Because we concluded that Daffron was a prevailing party and that the Appellees' offer of judgment constituted a significant settlement, our original opinion correctly recognizes the fact that the trial court lacked any discretionary grounds upon which to base a denial of attorney's fees to Daffron. We therefore affirm our original opinion in all respects.

DARDEN J., concurs.

RILEY, J., would deny petition for rehearing.