**Francisco and Alisa DELGADO, Appellants–Plaintiffs/Counter–Defendants,**

**v.**

**Peter BOYLES and Century 21 Pace Four Seasons, Inc., Appellees–Defendants/Counter–Plaintiffs.**

No. 64A04–0911–CV–657.

Court of Appeals of Indiana.

March 16, 2010.

☞194.14

Kevin G. Kerr, Hoeppner Wagner & Evans LLP, Valparaiso, IN, Attorney for Appellants.

Peter Boyles, Rhame & Elwood, Portage, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellants–Plaintiffs/Counter–Defendants, Francisco and Alisa Delgado (the Delgados), appeal the trial court's Order denying their request for attorney fees in favor of Appellees–Defendants/Counter–Plaintiffs, Peter Boyles (Boyles) and Century 21 Pace Four Seasons, Inc. (Century 21) (collectively, Appellees).

We affirm.

### ISSUE

The Delgados raise two issues on appeal, which we consolidate and restate as the following single issue: Whether the trial court erred in denying them an award of attorney fees.

### FACTS AND PROCEDURAL HISTORY

On March 22, 2006, the Delgados entered into a Vacant Land Purchase Agreement with Boyles. They tendered $5,000.00 in earnest money, to be applied to the purchase price of the land. Pursuant to the terms of the Agreement, the Delgados agreed "to make applications for any financing necessary to complete this transaction, or for approval to assume the unpaid balance of the existing mortgage within 14 days after the acceptance of this Agreement and to make a diligent effort to obtain financing in cooperation with the Broker and [Boyles]." (Appellant's App. p. 9). Additionally, the Agreement provided that if the Delgados "shall fail or refuse to close the transaction, without legal cause," the Delgados are liable for damages in the amount of fifteen percent of the closing price. (Appellant's App. p. 11). On the other hand, the Agreement stated that if Boyles "shall fail or refuse to close the transaction, without legal cause,

[Boyles] shall pay to [the Delgados]" fifteen percent of the purchase price as damages. (Appellant's App. p. 11). "Either [the Delgados] or [Boyles] shall be entitled to sue the other party either for specific performance, recission or for damages. If either party sues the other to collect said damages, the unsuccessful party shall be obligated to pay the successful party's reasonable costs and attorney fees as part of any judgment recovered...." (Appellant's App. p. 11).

Despite contacting different potential lenders, the Delgados failed to secure financing and subsequently did not close the transaction. On January 2, 2008, the Delgados filed their Complaint alleging that the Appellees refused to return their earnest money and requesting attorney fees. On January 8, 2008, Boyles answered the Complaint and filed a counterclaim seeking $34,125.00 in damages and attorney fees pursuant to the Vacant Land Purchase Agreement. On February 5, 2008, Century 21 filed a motion to interplead the $5,000.00 in earnest money with the clerk of the trial court and to dismiss Century 21. On February 11, 2008, the trial court granted the motion and the earnest money was placed in the control of the Clerk of the Porter Superior Court.

Although the matter was initially set for trial on October 9, 2008, the trial court continued the trial date on its own motion. At a subsequent status conference, Boyles offered to settle for $5,000.00 which was refused by the Delgados because the proposed settlement did not provide for attorney fees. On or about December 31, 2008, Boyles' counsel contacted the Delgados's counsel and advised that, due to other commitments they did not wish to proceed with the trial which was set for January 6, 2009. The Delgados did not object to the waiver of trial but indicated that they would not agree to this proposal if the waiver included attorney fees. By letter dated December 31, 2008, the Delgados's counsel wrote

My client agrees to your proposal to waive trial and submit the issue of attorney fees to the [c]ourt by briefs.

I would propose that we submit a proposed Order releasing the $5,000.00 held by the Clerk to my client and that we submit briefs on the issue of attorneys fees within ten days. Please let me know if this is acceptable.

(Appellant's App. p. 168). By motion filed January 5, 2009, the Delgados

move[d] the [c]ourt to vacate the trial [ ] and for an Order directing the Clerk of the [c]ourt to release to [the Delgados] the $5,000.00 held by the Clerk. [Boyles] [has] stipulated to this motion. The parties shall, within ten (10) days submit evidence and briefs regarding attorney fees.

(Appellant's App. p. 169). On January 12, 2009, the trial court, by order, released the earnest money to the Delgados.

On September 9, 2009 and after both parties fully briefed the issue of attorney fees, the trial court issued its Order which states as follows:

The parties to this action have amicably resolved their disputes except for the issue of [the Delgados's] recovering attorney fees from [Boyles]. [Boyles] cites to the [c]ourt the Indiana [s]upreme [c]ourt decision in *Reuille v. Brandenberger Const., Inc.,* 888 N.E.2d 770 (Ind.2008). In that case the Indiana [s]upreme [c]ourt interpreted contract language which referred to the "prevailing party" being allowed to recover attorney fees and concluded that, because the case settled in mediation there was not a "prevailing party." The contract in this case has slightly different language that states "... the unsuccessful party is obligated to pay the successful party's reasonable costs and attorney

fees" "*as part of any judgment recovered.*" (emphasis added). There was no "judgment recovered" in this case. All of the issues except the attorney fees were concluded by agreement.

While the contract language in this case if different from the *Reuille* case the same reasoning applies. The [c]ourt concludes that [the Delgados] are not entitled to recover attorney fees in this cause.

(Appellant's App. p. 6). On October 9, 2009, the Delgados filed a motion to correct error which was denied by the trial court.

The Delgados now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

 This matter comes before us as an appeal to the trial court's denial of an award of attorney fees. Generally, Indiana follows the American Rule, which requires each party to pay his or her own attorney fees. *Rogers Group, Inc. v. Diamond Builders, LLC,* 816 N.E.2d 415, 420 (Ind.Ct.App.2004), *trans. denied.* Thus, although parties to litigation typically pay their own attorney fees, they may certainly agree by contract to do otherwise. *Carter–McMahon v. McMahon,* 815 N.E.2d 170, 179 (Ind.Ct.App.2004). When reviewing an award or denial of attorney fees, we note that the trial court is empowered to exercise its sound discretion, and any successful challenge to its determination must demonstrate an abuse thereof. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

In this case, the parties' contract provides that "[i]f either party sues the other to collect said damages, the unsuccessful party shall be obligated to pay the successful party's reasonable costs and attorney fees as part of any judgment recovered

..." (Appellant's App. p. 11). The Delgados now argue that by virtue of the settlement in their favor, they are a successful party. Consequently, the trial court's order mandating the release of the earnest money to the Delgados is a judgment that entitles them to attorney fees.

 Resolution of the issue before us will require us to interpret the Vacant Land Purchase Agreement. The goal of contract interpretation is to ascertain and give effect to the parties' intent as by the language of the agreement. *See Gerstbauer v. Styers,* 898 N.E.2d 369, 379 (Ind. Ct.App.2008). To that end, we construe the contract as a whole and consider all of the provisions of the contract, not just individual words, phrases, or paragraphs. *Id.* An ambiguity exists where a provision is susceptible to more than one interpretation and reasonable persons would differ as to its meaning. *Id.* However, when a contract is clear and unambiguous, the language must be given its plain meaning. *Id.*

 Although we have found no case that addresses the application of a contractual characterization of a "successful party" to an award of attorney fees after a settlement, Indiana has a wealth of case law applying the term "prevailing party" to the situation at hand. This court has repeatedly stated that "prevailing party" in the context of attorney fees denotes a party who *successfully* prosecutes his claim or asserts his defense. *See Salcedo v. Toepp,* 696 N.E.2d 426, 436 (Ind.Ct.App. 1998) (emphasis added). Also, BLACK'S LAW DICTIONARY 1188 (6th ed.1990) defines prevailing party as

> The party to suit who successfully prosecutes the action or unsuccessfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered.

As such, because the Delgados argue that there is a difference between a successful party and a prevailing party, we find the argument to be without merit as both terms connote the same meaning and can be used interchangeably.

Turning to the case law, in *Daffron v. Snyder*, 854 N.E.2d 52, 53 (Ind.Ct.App. 2006), we were faced with the question whether an Indiana Trial Rule 68 settlement agreement that resulted in a consent judgment can trigger attorney fees for the prevailing party. Evaluating consent judgments with respect to attorney fees, the *Daffron* court relied on *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) for its proposition that "the 'relief giving rise to a party's status as a prevailing party need not be in the form of a legal judgment on the merits against the opposing party, but may instead arise from a consent judgment, such as that entered pursuant to Trial Rule 68." *Daffron*, 854 N.E.2d at 56. The court noted that "[i]mportantly, the *Buckhannon* court was not concerned with the amount of the settlement, only with the species of the settlement, *i.e.*, that it be one subject to a consent judgment as opposed to a private settlement." *Id.* Concluding that Daffron accepted an offer of judgment from Snyder pursuant to Indiana Trial Rule 68 and the trial court entered the consent judgment approving the settlement agreement, the court held that Daffron was a prevailing party, and as such entitled to attorney fees. *Id.* at 57. Although decided in the framework of a civil rights claim, we find *Daffron's* reasoning with respect to a prevailing party nevertheless persuasive.

Two years after we issued the *Daffron* decision, our supreme court handed down its opinion in *Reuille v. E.E. Brandenberger Construction, Inc.*, 888 N.E.2d 770 (Ind.2008). In *Reuille*, the parties entered into an agreement for the construction of a new home. *Id.* at 771. Although the agreement provided that the prevailing party would be entitled to attorney fees, the contract did not define the term prevailing party. *Id.* After a complaint for breach of contract and negligence was filed, the parties entered into mediation. *Id.* The mediation resulted in a settlement on all issues with the exception of fees, which was explicitly reserved for judicial resolution. *Id.* Reuille moved the trial court for costs and expenses, including attorney fees. *Id.* Both the trial court and this court determined that Reuille was not a prevailing party. *Id.*

First relying on the dictionary, our supreme court noted that the definition of prevailing party appears to contemplate a trial on the merits and entry of a favorable judgment. *Id.* at 771–72. Turning to the case law, the *Reuille* court elaborated that

it seems unlikely that parties entering into a contract would intend for a settlement reached during mediation to result in either party obtaining prevailing party status. One of the purposes of mediation is to provide an atmosphere in which neither party feels that he or she has 'lost' or 'won' a case. Mediation is meant to remove some of the contentiousness of formal litigation in order to facilitate the negotiation process.

*Id.* at 772. Furthermore, the court noted that although contracting parties can readily agree to fee-shifting arrangements in which the term prevailing party is properly defined, the contract at hand failed to include a definition. *Id.* As a result, the supreme court held that "in the absence of further definition, [ ] a contract [which lacks a definition of 'prevailing party'] produces fees only when one party or the other wins a judgment." *Id.* at 771.

Here, we are faced with a Vacant Land Purchase Agreement which included a pro-

vision that the unsuccessful or unprevailing party shall be obligated to pay the successful or prevailing party's reasonable costs and attorney fees as part of any judgment recovered. The agreement failed to define successful or prevailing party. During the course of the proceedings, the parties reached a settlement which provided that the $5,000.00 earnest money held by the clerk be released to the Delgados, with further proceedings on the issue of attorney fees. The Delgados submitted a motion to the trial court encapsulating this settlement and the trial court entered an order upon this motion. After litigating the question whether the Delgados can be considered a prevailing party under the agreement, the trial court denied the award of attorney fees. No trial on the merits was conducted.

We agree with the trial court. In light of *Daffron* and *Reuille,* the Delgados cannot be considered a prevailing party under the Vacant Land Purchase Agreement. Unlike *Daffron,* where the trial court entered a consent judgment after the settlement, the Delgados had nothing but a private settlement agreement. Moreover, in the absence of a contractual definition of prevailing or successful party and a trial on the merits, as in *Reuille,* we conclude that litigation which is resolved by mediation or private settlement cannot result in a winner or loser. Consequently, the Delgados are not entitled to attorney fees.

### CONCLUSION

Based on the foregoing, we conclude that the trial court properly denied an award of attorney fees to the Delgados.

Affirmed.

VAIDIK, J., and CRONE, J., concur.