## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.




ATTORNEY FOR APPELLANT

J. David Agnew
Lorch Naville Ward, LLC
New Albany, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Maria S. Sanchez,
*Appellant-Defendant,*

v.

Michael D. Sphire,
*Appellee-Plaintiff.*

June 23, 2017

Court of Appeals Case No. 13A01-1610-PL-2407

Appeal from the Crawford Circuit Court

The Honorable K. Lynn Lopp, Judge

Trial Court Cause No. 13C01-1508-PL-18

**Najam, Judge.**

## Statement of the Case

[1] Maria S. Sanchez appeals the trial court's judgment, following a bench trial, in favor of Michael D. Sphire in his action to foreclose on a contract for the sale of

real estate. On appeal, Sanchez raises four issues. However, we address only the following two dispositive issues:

1. Whether the trial court erred when it failed to enforce the parties' oral settlement of Sphire's foreclosure action.

2. Whether the trial court erred when it failed to award Sanchez her attorney's fees.

[2] We reverse in part and affirm in part.

## Facts and Procedural History

[3] On May 27, 2010, Sphire entered into a Purchase Agreement with Sanchez for the sale of real estate situated in Crawford County, commonly known as 684 East State Road 64, English, Indiana 47118, and Liquor License number RR1303400 ("the Property"). On June 2, Sphire and Sanchez entered into a contract for the sale of the Property. The contract between Sphire and Sanchez was never recorded.

[4] On August 20, 2015, Sphire filed a complaint to foreclose on his contract with Sanchez for the sale of the Property. Sphire alleged that Sanchez had failed to make the required monthly payments and tax payments on the Property. He sought a judgment against Sanchez for the past due monthly payments, late fees, attorney's fees, and foreclosure on the Property.

[5] Sometime after the lawsuit was filed but before Sanchez' answer to the complaint was due, Sanchez contacted Sphire by telephone and offered to pay a

lump sum of $10,000 and monthly payments of $1,000 to settle the lawsuit. Sphire accepted that offer and Sanchez paid Sphire $10,000 in September of 2015. Sphire subsequently sent to Sanchez a receipt for the $10,000 and a document purporting to "amend and substitute[]" the parties' original contract for sale of the Property. Appellant's Ex. at 26 (Plaintiff's Ex. 3), and 43 (Defendant's Ex. D).[1] Sanchez did not sign a written agreement to amend the original contract.

[6] On October 16, 2015, Sphire moved for a default judgment against Sanchez in the foreclosure lawsuit. The trial court granted that motion on October 21. On November 6, Sanchez moved to set aside the default judgment on the grounds that the parties had already entered into a settlement of the lawsuit. The trial court held a hearing on Sanchez' motion and, on August 3, 2016, the trial court granted the motion and set aside the default judgment.

[7] The trial court held a hearing on the foreclosure action on August 16. Prior to the presentation of evidence, Sanchez orally requested written findings of fact and conclusions of law. In her proposed findings, Sanchez noted that the parties had a valid settlement agreement that the trial court should enforce

---

[1] Plaintiff's Exhibit 3 purports to be an amended agreement to sell the Property, while Defendant's Exhibit D purports to be an amended agreement to lease the Property. Sphire offered conflicting testimony about which of the amended agreements he sent to Sanchez on September 12, 2015. However, neither party signed Plaintiff's Exhibit 3, only Sphire signed Defendant's Exhibit D, and there is no other evidence that Sanchez ever agreed to the terms of either document. *See Ind. Bureau of Motor Vehicles v. Ash, Inc.*, 895 N.E.2d 359 (Ind. Ct. App. 2008) (holding that, generally, the validity of a contract is not dependent upon the signature of the parties; however, some form of assent to the terms of the contract is necessary). In fact, Sanchez testified that she refused to sign either document because she did not agree that they memorialized the parties' oral settlement agreement. Tr. at 56.

against Sphire in resolution of the lawsuit. Sanchez' proposed findings also noted that she was entitled to her attorney's fees under the terms of the Indemnification section of the parties' Purchase Agreement because she was the substantially prevailing party.

[8] On October 3, 2016, the trial court issued its Findings of Fact and Conclusions of Law in which it ruled for Sphire on all of his claims.[2] Those findings did not address the oral settlement of the lawsuit. This appeal ensued.

## Discussion and Decision

### *Standard of Review*

[9] Sanchez appeals the trial court's findings and conclusions granting Sphire's claims for past-due payments and fees and for foreclosure on the Property. When a trial court's judgment contains special findings and conclusions, we apply a two-tiered standard of review. *Bester v. Lake Cnty. Ofc. of Family & Children*, 839 N.E.2d 143, 147 (Ind. 2005). First, we determine whether the evidence supports the findings and, second, we determine whether the findings support the judgment. *Id*. "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). However, when the trial court enters findings sua sponte, the specific findings control only as to the issues they cover.

---

[2] The trial court ordered the Sheriff of Crawford County to sell the Property and apply the proceeds first to the costs of this action and Sheriff's fees, then to unpaid property taxes, and then to Sphire. Appellant's App. at 9-10. The record does not disclose whether such a sale has already taken place.

*See Humphries v. Ables*, 789 N.E.2d 1025, 1029-30 (Ind. Ct. App. 2003). A general judgment standard applies to any issue upon which the trial court has not made a finding. *Id*. A general judgment may be affirmed upon any legal theory supported by the evidence. *Id*.

[10] We also note that Sphire has not filed a brief in support of the trial court's judgment. As such, we will not undertake the burden of developing an argument on his behalf. *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014). Instead, we will reverse the trial court's judgment if the appellant presents a case of prima facie error. *Id*. Prima facie error is error "at first sight, on first appearance, or on the face of it." *Id*. (quotation marks omitted).

## *Issue One: Oral Settlement Agreement*

[11] Sanchez has demonstrated prima facie error in the trial court's failure to enforce the parties' oral settlement of the lawsuit.[3] It is established law that, in general, settlement agreements need not be in writing to be enforceable, *Vernon v. Acton*, 732 N.E.2d 805, 809 (Ind. 2000), and Indiana "strongly favors settlement agreements," *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003). Settlement agreements are governed by the same general principles of contract law as any other agreement. *Georgos*, 790 N.E.2d at 453. And "[t]he law concerning

---

[3] It was not reversible error that the trial court failed to make findings on the issue of the parties' oral settlement agreement, as Sanchez asserts. Sanchez failed to request findings *in writing* before the presentation of the evidence, as required by Indiana Trial Rule 52(A). Therefore, we review the findings "as if they were issued sua sponte by the trial court." *Humphries*, 789 N.E.2d at 1029-30. Thus, the trial court was not required to make special findings. *Id*. And when special findings are made but not required under Indiana Trial Rule 52, the court may make special findings of fact upon less than all the issues. Ind. Trial Rule 52(D).

contracts is well settled in Indiana. An offer, acceptance, plus consideration make up the basis for a contract." *Zimmerman v. McColley*, 926 N.E.2d 71, 76 (Ind. Ct. App. 2005) (citations omitted). Moreover, "[i]t is established law that if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Id.*

[12] Sanchez has made a prima facie showing that the evidence established the parties' oral agreement to settle Sphire's foreclosure lawsuit. At trial, both Sanchez and Sphire testified that, after the lawsuit was filed, Sanchez contacted Sphire and offered to pay Sphire a lump sum of $10,000 and subsequent monthly payments of $1,000 in settlement of the foreclosure action.[4] Tr. at 12-14, 17, 19, 32, 56. Sphire admitted at trial that he accepted that offer, both orally and by accepting Sanchez' cashier's check for $10,000. Tr. at 13-14. In fact, Sphire admitted that he gave Sanchez a written receipt for the $10,000. Appellant's App. at 42 (Defendant's Ex. C); Tr. at 13-14. And Sphire admitted that he and Sanchez "came to an agreement so [he] could get this thing settled." Tr. at 19. Thus, Sanchez has made a prima facie showing that the parties had

---

[4] Sanchez has also made a prima facie showing that the parties' oral settlement agreement did not include an agreement that Sanchez pay Sphire's attorney's fees. Sanchez testified at trial that the parties had no such agreement, and Sphire testified only that his "assumption" was that she would pay attorney's fees pursuant to "the contract." Tr. at 20. Thus, the evidence shows there was no meeting of the minds as to the issue of attorney's fees. *See, e.g.*, *Zimmerman*, 826 N.E.2d at 77 (noting the intention of the parties—or the "meeting of the minds"—is a factual matter to be determined from all the circumstances). Moreover, as discussed below, Sphire was not the substantially prevailing party in this action such that he would have been entitled to attorney's fees under the Indemnification section of the parties' Purchase Agreement.

an offer, acceptance, and consideration making up an oral agreement in settlement of Sphire's foreclosure lawsuit against Sanchez, and that the trial court erred when it failed to enforce that settlement agreement. *Zimmerman*, 926 N.E.2d at 76. We reverse the trial court's judgment for Sphire.

### *Issue Two: Sanchez' Attorney's Fees*

[13] Sanchez also contends that she is entitled to her attorney's fees pursuant to the terms of the parties' Purchase Agreement,[5] which contained the following indemnification clause:

> If any legal action is necessary either to enforce the terms of this Agreement or due to the condition of the Property, the substantially prevailing party shall be entitled to recover all costs, including, but not limited to, reasonable attorney fees.

Appellant's App. at 76; Appellant's Ex. at 76 (Defendant's Ex. K). The Purchase Agreement does not define "substantially prevailing party." *Id*.

[14] In the absence of a consent judgment after the settlement or a contractual definition of prevailing party and a trial on the merits, Sanchez is not the "prevailing party" for purposes of an attorney's fee award. *See, e.g., Delgado v. Boyles*, 922 N.E.2d 1267, 1272 (Ind. Ct. App. 2010) (citing *Reuille v. E.E.*

---

[5] On appeal, Sanchez alleges that she is also entitled to her attorney's fees on the grounds that Sphire acted in bad faith when he continued to prosecute his case following the parties' oral settlement agreement and his acceptance of the $10,000 payment from her. However, Sanchez has waived that argument as she failed to make it to the trial court. *See, e.g.*, *Showalter v. Town of Thorntown*, 902 N.E.2d 338, 342 (Ind. Ct. App. 2009), *trans. denied*.

*Brandenberger Construction, Inc.*, 888 N.E.2d 770 (Ind. 2008), and *Daffron v. Snyder*, 854 N.E.2d 52, 53 (Ind.Ct.App.2006)) ("[L]itigation which is resolved by mediation or private settlement cannot result in a winner or loser."), *trans. denied*. Because the parties' oral settlement is not a judgment but only a private settlement, it cannot provide the basis of "prevailing party" status. *Id*. (quoting *Reuille*, 888 N.E.2d at 771) (noting that "a contract [which lacks a definition of 'prevailing party'] produces fees only when one party or the other wins a judgment"). The trial court did not err in refusing to award Sanchez her attorney's fees.

## *Conclusion*

[15] We reverse the judgment for Sphire and affirm the denial of Sanchez' attorney fees.

[16] Reversed in part, affirmed in part.

Riley, J., and Bradford, J., concur.